**Maria LEVKA, Plaintiff,**

v.

**CITY OF CHICAGO, Defendant.**

**No. 83 C 2283.**

United States District Court, N.D. Illinois, E.D.

May 15, 1985.

See also D.C., 605 F.Supp. 197.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Counsel for Maria Levka ("Levka") have just called to this Court's attention one still-open item in this case—a matter of which this Court had been unaware at the time of its most recent rulings, which confirmed the judgment in Levka's favor and the amount of the award for her attorneys' fees. That open item related to the award of costs, to which the City of Chicago ("City") had objected in part in conjunction with City's January 1984 objections to Levak's attorneys' fees.

At this point this Court has corraled all of the documents necessary for resolution of the costs question. Only three items are in dispute:

1. Lexis charges of $584;
2. photocopying charges of $597.30; and
3. two deposition transcripts aggregating $247.80.

All three items are properly allowable, and the reasons for that conclusion require only brief discussion.

■ As for Lexis charges, City is correct that they are not specifically authorized by 28 U.S.C. § 1920. But civil rights actions such as Levka's also entitle the plaintiff to an award of "a reasonable attorney's fee as part of the cost" (42 U.S.C. § 1988). Courts have consistently allowed reasonable and related out-of-pocket expenses as part of the attorneys' fee award. Lexis charges, of course, resemble fees a good deal more than most other litigation expenses, for the proper use of Lexis or Westlaw saves the client (or in this case the opposing party) a good deal more in lawyers' chargeable time than is paid for the service (hooking into the Lexis or Westlaw computer).

■ Second, City's objection to the photocopying was to the absence of a breakdown or justification. Levka's counsel has now provided the best breakdown obtainable from retained records, and no basis appears for cutting back the request on grounds of unreasonableness or lack of justification.

■ Finally, the challenged deposition transcriptions were made before Judge Marshall had granted Levka's motion in limine about the circumstances of her arrest. Courts consistently hold the test for reimbursement of such transcripts is not their actual use at trial, but whether (as 28 U.S.C. § 1920 puts it) they were "necessarily obtained for use in the case." That requirement is satisfied here.

Accordingly this Court approves the entire requested bill of costs, aggregating $2,469.64.