**MILITARY CIRCLE PET CENTER NO. 94, INC., d/b/a Docktor Pet Center, Plaintiff,**

v.

**COBB COUNTY, GEORGIA; Glenda Knapp, Individually and as Director of Cobb County Animal Control; Patrick H. Head, Individually and as Solicitor of Cobb County; and Paul O. Williams, Jr., DVM, Defendants.**

**No. 1:85–CV–4736–RHH.**

United States District Court, N.D. Georgia, Atlanta Division.

March 14, 1990.

Philip Sidney Coe and Paul Webb, Jr., Webb & Daniel, Atlanta, Ga., for plaintiff.

Jerry Lovvorn Gentry, Sams Glover & Gentry, and David Phillip Hartin, Marietta, Ga., for defendants.

ORDER

ROBERT H. HALL, District Judge.

This case is before the court on: (1) plaintiff's Motion for Award of Attorney Fees in the District Court; (2) plaintiff's Motion for Award of Attorney Fees on Appeal; and (3) defendants' Motion to Review Taxation of Costs. The court GRANTS plaintiff's Motion for Award of Attorney Fees at trial but reduces that award by 35%. The court DEFERS ruling on both plaintiff's Motion for Attorney Fees on Appeal and defendant's Motion to Review Taxation of Costs.

FACTS

This case arises from Cobb County police and animal control officers' raid on plaintiff's pet store and subsequent seizure of plaintiff's merchandise. Plaintiff's Complaint, filed in Three Counts, alleged that defendants (1) tortiously converted plaintiff's property in violation of state law, (2) defamed plaintiff in violation of state law and (3) tortiously converted plaintiff's property without due process of law and defamed plaintiff's business reputation under color of state law in violation of 42 U.S.C. § 1983. With regard to each count, plaintiff sought damages in the amount of $500,000.00 "or such other greater amount as may be proven at trial as actual damages" together with punitive damages of not less than $1 million.

The court granted summary judgment to all defendants on plaintiff's state law tortious conversion claim and to defendant Cobb County, Georgia and all individual defendants in their official capacities on plaintiff's state law defamation claim. Before the trial, the court ruled that plaintiff would not be allowed to argue that defendants committed an unlawful search and seizure because the pretrial order did not encompass a fourth amendment claim. During the trial, the court granted defendant Head's Motion for Directed Verdict on the state law defamation claim.

The jury returned a verdict on special interrogatories and found that defendants Knapp, Head and Cobb County, Georgia

had "violated the Plaintiff's constitutional rights by depriving it of its property without due process." It found that none of the defendants had violated plaintiff's "constitutional liberty right by defaming Plaintiff and injuring its business." The jury also found that neither defendant Knapp nor Williams had "defamed (slandered)" plaintiff.

The jury awarded plaintiff $13,900.00 in actual damages and $60,000.00 in consequential damages. This court granted defendants' Motion for Judgment Notwithstanding the Verdict and set aside the award of consequential damages. On appeal, the Eleventh Circuit reinstated the award of consequential damages but upheld this court's decision foreclosing plaintiff's fourth amendment claim. 877 F.2d 973 (1989). The Eleventh Circuit also remanded plaintiff's request for attorney fees on appeal to this court to determine with plaintiff's request for attorney fees at trial.

### DISCUSSION

#### 1. Taxation of Costs

On January 5, 1988, the clerk of this court approved plaintiff's bill of costs, requested pursuant to 28 U.S.C. §§ 1821 and 1920, Fed.R.Civ.P. 54(c) and Local Rule 255-7. The costs totalled $11,289.54, including $5709.50 in expert witness fees. But in its response to defendants' Motion to Review Taxation of Costs, plaintiff contends that it is entitled to costs totalling $10,564.90 (including $5709.50 in expert witness fees). Plaintiff's Amended Petition for Attorney's Fees at 9. Plaintiff does not explain this discrepancy. Moreover, because plaintiff's itemization of those costs is incongruous with that used by the clerk, it is unclear whether the discrepancy is in response to any of defendants' particular objections. The court therefore ORDERS plaintiff to correct or explain the difference between its current list of costs and that approved by the clerk, including a response to defendants' objections to those costs, within ten days from the date of this order. That way, the court will know which of defendants' arguments in support of its Motion to Review Taxation of Costs remain relevant. The court DEFERS ruling on defendants' motion until that time.

The court will rule, however, on defendants' objection to the clerk's award of $5709.50 in expert witness fees. In its original brief in support of its bill of costs, plaintiff correctly notes that such expenses should be addressed in connection with its application for attorney fees under Section 1988. Defendants' responses to the award of expert witness fees implicitly acknowledge this fact, as they make reference to authorities connected with Section 1988, and not Sections 1821 and 1920. The court will thus treat the expert witness fees issue in its discussion of plaintiff's attorney fees motion under Section 1988.

#### 2. Attorney Fees in the District Court

##### a. *Attorney Fees*

■ As both parties correctly note, a determination of attorney fees under 42 U.S.C. § 1988 begins with calculation of a "lodestar." The lodestar is the product of a reasonable hourly rate times hours reasonably expended. *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir.1988). Although "hours reasonably expended" does not include time spent on discrete and unsuccessful claims, it does include hours spent on "claims ... arising out of the same course of conduct [that] share a common core of fact." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). Pursuant to this court's order dated November 17, 1989, plaintiff has revised its petition for attorney fees to include time spent on such related claims in its amount of hours reasonably expended. Plaintiff's revised lodestar figure is $106,224.00.

■ Although the lodestar figure represents a presumptively reasonable fee, *Pennsylvania v. Delaware Valley Citizens Council*, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986), the court may still adjust it to reflect the plaintiff's overall degree of success, making the award "reasonable in relation to the results

obtained." *Hensley*, 461 U.S. at 440, 103 S.Ct. at 1943. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436–37, 103 S.Ct. at 1941–42. "A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Norman*, 836 F.2d at 1302 (citing *Hensley*, 461 U.S. at 440, 103 S.Ct. at 1943). Because defendants challenge neither plaintiff's "reasonable hourly rate" nor its "hours reasonably expended," the only remaining issue concerns adjustment of the lodestar to reflect plaintiff's limited success.

■ The court exercises its discretion to reduce plaintiff's lodestar amount by 35%. To begin, the court emphasizes that plaintiff recovered on only one of its several claims. Plaintiff's state law claims for tortious conversion and defamation did not even go the jury. Moreover, the jury award covered only one of plaintiff's constitutional claims: deprivation of property without due process of law. Plaintiff did not recover on its claim that defendants violated its constitutional right to liberty.

It is certainly true that a proportional reduction of the lodestar "based simply on 'a mathematical approach comparing the total number of issues in the case with those prevailed upon'" is impermissible. *Hensley*, 461 U.S. 435 n. 11, 103 S.Ct. at 1940 n. 11. Nevertheless, "comparing the number of successful claims to the number of claims brought ... is germane to determining the degree of plaintiff's success." *Popham v. City of Kennesaw*, 820 F.2d 1570, 1579 (11th Cir.1987) (lodestar reduced by 67% where plaintiff succeeded on only one of eight claims). In keeping with this scheme, the court considers the fact that plaintiff obtained relief for only one of the several different injuries that it claimed to have suffered.

The court also considers the fact that plaintiff only recovered a small portion of the relief it originally requested. Although the jury awarded plaintiff $13,900.00 in actual damages and $60,000.00 in consequential damages, plaintiff's complaint prayed for a total of $1.5 million in actual damages together with at least $1 million in punitive damages.[1] The court notes that comparing the amount of damages requested to the amount of damages received is relevant to determining the extent of a plaintiff's success. *See, e.g., Popham*, 820 F.2d at 1580–81 (lodestar reduced by 67% where plaintiff sought $2 million in damages but recovered only $30,000.00).

It is of course true that "a successful civil rights plaintiff often secures important social benefits that are not reflected in nominal or relatively small damage awards." *City of Riverside v. Rivera*, 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986). "Thus, in awarding attorneys' fees under Section 1988, courts should not place 'undue emphasis on the modest money damages that were found by the jury.'" *Popham*, 820 F.2d at 1580 (quoting *Williams v. Thomas*, 692 F.2d 1032, 1038 (5th Cir.1982)).

Although this consideration does influence the court to refrain from reducing the lodestar amount by the full 50% requested by defendants, it does not foreclose reduction. As the *Popham* court noted, the public benefit of a plaintiff's civil rights recovery generally does not "assume a principal significance" in the court's determination of "results obtained" unless that recovery "engender[s] specific spillover

---

1. Even if, as plaintiff argues, "[t]he damages pled in the various counts of the complaint were ... based on alternative theories of recovery, and were not cumulative," the amount of damages requested still vastly exceeded the amount of the jury's damages award. Plaintiff's Reply Brief to Defendants' Memorandum in Response to Plaintiff's Motion for an Award of Attorney's Fees at 2. Although state law and the United States Constitution may have provided alternate theories of recovery, the Complaint alleged two types of wrongful conduct: tortious conversion of property and defamation. Thus, if plaintiff had fully recovered for both types of conduct, it would have received either $1 million ($500,000 for state law coversion plus $500,000 for state law defamation) or $500,000 (total requested in Count 3 for constitutional violations) in compensatory damages: $73,900.00, the amount actually recovered, is but a fraction of either of the above totals.

benefits for non-parties." 820 F.2d at 1580; *see also Norman,* 836 F.2d at 1302 ("vindication of class-wide rights are generally more significant than relief granted for an isolated violation of constitutional rights"). Such was the case in *Rivera,* where the plaintiffs received redress for police misconduct toward members of the Hispanic community. 477 U.S. at 574, 106 S.Ct. at 2694. Here, however, plaintiff sought relief for a relatively isolated unconstitutional taking—its limited victory provided no "specific spillover benefits for non-parties."

Furthermore, the court does not join in plaintiff's argument that because all of its claims arose from the same set of facts, "[a]ll time expended was reasonably related and necessary to the successful claims" and reduction of the lodestar is therefore unwarranted. Plaintiff's Amended Petition for Attorney Fees at 5. As the *Popham* court expressly stated, "a court can reduce attorneys' fees from the lodestar amount even though the unsuccessful and the successful claims are related if the plaintiff obtained only limited success." 820 F.2d at 1579–80. Indeed, if the unsuccessful claims were not related to the successful claims, time spent on them could easily be excluded from the amount of "hours reasonably expended" in the initial lodestar calculation and adjustment would be unnecessary.

The court is similarly unpersuaded by plaintiff's argument that an award of $73,-900 inherently constitutes significant relief preventing reduction of the lodestar. In rejecting precisely the same argument, the *Popham* court emphasized that "[w]hether the plaintiff's relief is significant depends upon 'the scope of the litigation as a whole.'" 820 F.2d at 1581 (quoting *Hensley,* 461 U.S. at 440, 103 S.Ct. at 1943). As indicated above, the court finds that when examining the scope of this litigation as a whole, plaintiff's relief is not sufficiently significant to foreclose reduction of the lodestar amount.

### b. *Expert Witness Fees*

Defendants argue that even if expert witness fees are recoverable under Section 1988, plaintiff should not recover them in this case because its experts testified as to the damages resulting from a civil rights violation and not as to the existence of that violation itself. Their objection to the award of expert witness fees thus presents two questions: (1) may a prevailing civil rights plaintiff recover expert witness fees under Section 1988; (2) if so, does that recovery include fees paid to experts who testify about the damages resulting from a civil rights violation in addition to fees paid to experts who testify about the existence of that violation? The court answers both questions affirmatively.

In *Jones v. Diamond,* 636 F.2d 1364, 1382 (5th Cir.) (en banc), *cert. dismissed,* 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981), the Fifth Circuit held that prevailing civil rights plaintiffs could recover expert witness fees under Section 1988.[2] "The en banc Court looked to congressional intent and determined that recovery for expert witness fees allowed citizens to recover what it costs them to vindicate civil rights in court." *Glenn v. General Motors Corp.,* 841 F.2d 1567, 1574 (11th Cir.), *cert. denied,* — U.S. ——, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988).[3] The Eleventh Circuit has supported the underlying rationale of *Jones,* stating that "[r]easonable attorneys' fees under the Act [Section 1988] must include reasonable expenses because attorney's fees and expenses are inseparably intertwined as equally vital components of the costs of litigation." *Dowdell v. City of Apopka,* 698 F.2d 1181, 1190 (11th Cir.1983) (awarding costs for travel, telephone and postage expenses under Section 1988).

Defendants suggest that the court should read *Crawford Fitting Co. v. J.T.*

---

**2.** Fifth Circuit cases decided before October, 1981 are binding on courts in this circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1210 (11th Cir.1981).

**3.** The Fifth Circuit has since overruled this aspect of *Jones. International Woodworkers v. Champion Int'l Corp.,* 790 F.2d 1174, 1175, 1180 (5th Cir.1986) (en banc).

*Gibbons, Inc.*, 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987) to prohibit recovery of expert witness fees in civil rights cases. In *Crawford,* prevailing defendants moved to recover expert witness fees pursuant to Federal Rule of Civil Procedure 54(d). The Supreme Court affirmed denials of their motions, holding "that absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Id.* at 445, 107 S.Ct. at 2499.[4]

Courts have disagreed about whether to extend *Crawford* to preclude recovery of expert witness fees under Section 1988. *Compare Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987) (extending *Crawford), cert. denied,* 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988); *ECOS, Inc. v. Brinegar,* 671 F.Supp. 381, 404 n. 12 (M.D. N.C.1987) (same) *with Sapanajin v. Gunter,* 857 F.2d 463, 465 (8th Cir.1988) (refusing to extend *Crawford); Hillburn v. Commissioner,* 683 F.Supp. 23, 27 (D.Conn.1987) (same), *aff'd,* 847 F.2d 835 (2d Cir.1988); *United States v. Yonkers Board of Education,* 118 F.R.D. 326, 330 (S.D.N.Y.1987) (same). Although the Eleventh Circuit has not directly faced this issue, it has recently reaffirmed the validity of *Jones* in dicta. *See Glenn,* 841 F.2d at 1574 ("This Court permits an award of expert witness fees in civil rights cases.") (citing *Jones* ). In light of this pronouncement, the court assumes that *Crawford* has not overruled *Jones* in this circuit and holds that a prevailing civil rights plaintiff may recover expert witness fees under Section 1988.

■ The court also declines to adopt defendants' distinction between experts who testify about the damages resulting from civil rights violations and those who testify about the existence of such violations. Defendants cite no authority and offer no reason to support their argument that plaintiffs should recover fees paid to the latter but should not recover fees paid to the former. The court finds that such a distinction would undermine the broad, remedial purposes of Section 1988 and refuses to adopt it on its own authority.

### 3. *Attorney Fees on Appeal*

In arguing that the court should reduce plaintiff's requested amount of attorney fees on appeal, defendants argue that plaintiff's appelate brief repeats many of the arguments made in plaintiff's brief opposing defendants' motion for JNOV. Defendants have not, however, provided this court with a copy of plaintiff's appellate brief. The court therefore ORDERS defendants to provide this material within ten days from the date of this order. The court also ORDERS plaintiff to respond to defendants' arguments in favor of reducing the requested amount of attorney fees on appeal within that same time period. The court thus DEFERS ruling on plaintiff's Motion for Award of Attorney Fees on Appeal at this time.

### CONCLUSION

The court GRANTS plaintiff's Motion for Award of Attorney Fees in the District Court but reduces that amount by 35%. The court also includes with that award the amount of $5709.50 in expert witness fees. The court DEFERS ruling on plaintiff's Motion for Award of Attorney Fees on Appeal. The court ORDERS defendants to submit a copy of plaintiff's appellate brief within ten days from the date of this order and ORDERS plaintiff to submit a response to defendants' Response to Appellant's Petition for an Award of Attorney's Fees within that same time period. The court also DEFERS ruling of defendants' Motion to Review Taxation of Costs. The court ORDERS plaintiff to correct or explain the difference between its current list of costs and that originally approved by the clerk, including a response to defendants' objections to those costs, within ten days from the date of this order. The clerk shall then resubmit this case to the court

---

**4.** Section 1920(3) allows witness fees to be taxed as costs. Section 1821(b) provides that a "witness shall be paid an attendance fee of $30 per day for each day's attendance."

**508**

for determination of the two outstanding motions.

So ORDERED.