Chester L. **LAMBERT**, III; William E. **Mowrey**; and James M. **Heath**, Plaintiffs,

v.

**FULTON COUNTY, GEORGIA,** et al., Defendants.

No. 1:97–CV–1243–TWT.

United States District Court, N.D. Georgia, Atlanta Division.

Oct. 27, 2000.

---

McQueen, Atlanta, GA, for Chester L. Lambert, III, William E. Mowrey, James M. Heath, plaintiffs.

Edward Katze, Timothy L. Williams, Constangy Brooks & Smith, Atlanta, GA, R. David Ware, Ware & Leonard, Atlanta, GA, for Fulton County, Georgia, Robert J. Regus, Michael G. Cooper, defendants.

## ORDER

THRASH, District Judge.

This is an employment discrimination case. The case was tried before a jury for two weeks. On May 5, 2000, the jury returned a verdict for Plaintiffs. The case presently is before the Court on Plaintiffs' Motion for Attorneys' Fees and Costs [Doc. 143] and Plaintiffs' Motion for Leave to File Supplemental Affidavit and Itemization of Attorneys' Fees [Doc. 171]. For the reasons set forth below, Plaintiffs' Motion for Leave to File Supplemental Affidavit and Itemization of Attorneys' Fees is granted and Plaintiffs' Motion for Attorneys' Fees and Costs is granted in the amount of $425,367.88.

## I. DISCUSSION

### A. REASONABLE AWARD OF ATTORNEYS' FEES

The award of attorneys' fees in this action is governed by the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, as amended, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(k). Section 1988 provides as follows:

In any action or proceeding to enforce a provision of section 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92–318 [20 U.S.C.A.

Edward D. Buckley, III, Francis C. Schenck, Greene Buckley Jones &

§ 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C. § 2000bb et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

42 U.S.C. § 1988(b). Section 2000e–5(k) similarly provides,

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k). These statutes are interpreted broadly since they are remedial in nature and facilitate private enforcement of civil rights. *Williams v. City of Fairburn,* 702 F.2d 973, 976 (11th Cir. 1983). Although awarding attorneys' fees is within the discretion of the trial court, such discretion is a narrow one in that attorneys' fees should be denied only when special circumstances would render an award unjust, *Solomon v. City of Gainesville,* 796 F.2d 1464, 1466 (11th Cir.1986), or the statute is being subverted into a ruse for providing "windfalls" to attorneys. *Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir.1983). Importantly, one need not succeed on all claims in order to obtain attorneys' fees. *Id.* With these general principles in mind, the Court now turns to the particulars of Plaintiffs' re-

quest for attorneys' fees and Defendants' contentions as to why the requested fees should not be fully awarded.

Plaintiffs seek a total attorneys' fee award of $425,367.88. This total requested amount represents $412,222.75 for 2,299.55 hours of work and $13,145.13 in expenses. Defendants respond that this Court should reduce Plaintiff's request for attorneys' fees between $12,653.20 and $33,479.50 on grounds that time Plaintiffs' counsel spent on the appeal to the Fulton County Personnel Board is noncompensable. Defendants also challenge the entire $13,145.13 in expenses that Plaintiffs seek to recover. Otherwise, Defendants do not challenge the attorneys' fees award that Plaintiffs now request.[1]

■ In *Hensley v. Eckerhart,* 461 U.S. 424, 433–37, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), and *Blum v. Stenson,* 465 U.S. 886, 896–97, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), the United States Supreme Court established the framework and methodology for calculating the amount of a reasonable attorneys' fee award to a prevailing party pursuant to 42 U.S.C. § 1988. The starting point for calculating reasonable attorneys' fees is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate" for the attorneys' services. *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933; *Blum,* 465 U.S. at 897, 104 S.Ct. 1541; *accord ACLU of Ga. v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999). The product of these two numbers is commonly termed the base figure, or the "lodestar." *Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 563, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986).

1. Plaintiffs originally sought an enhancement of the lodestar but abandoned that request at a September 8, 2000, status conference. Accordingly, the Court no longer addresses this issue. The only issues that remain are whether time spent before the Fulton County Personnel Board is compensable and whether the requested expenses are recoverable.

After calculating the lodestar, the court may within its discretion adjust the amount upwards or downwards based on a number of factors, such as the quality of the results obtained and the legal representation provided. *Blum,* 465 U.S. at 897, 104 S.Ct. 1541; *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir.1996).

██ The fee applicant is the party that "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Barnes,* 168 F.3d at 427 (*quoting Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1304 (11th Cir.1988)); *accord Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co.,* 207 F.3d 1247, 1252 (11th Cir.2000). That burden includes

> supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity .... A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case.

*Barnes,* 168 F.3d at 427. (citations omitted). These obligations of the fee applicant are especially important in cases where the applicant has only partially succeeded in the suit. *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

██ Similarly, those parties opposing fee applications also have obligations. Their objections and proof concerning hours they want excluded must be specific and "reasonably precise." *Id.* at 428, 103 S.Ct. 1933. When the parties fulfill their respective obligations, this assists the court in fulfilling its duty to render an order that articulates both its decisions and reasons for the decisions, thus allowing for meaningful appellate review. *Id.* at 428–29, 103 S.Ct. 1933; *see also Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co.,* 207 F.3d 1247, 1252 (11th Cir. 2000) ("[W]e have said that a court's order on attorneys' fees must allow meaningful appellate review."); *NAACP v. City of Evergreen,* 812 F.2d 1332, 1335 (11th Cir. 1987) ("A prerequisite for our review of an attorney's fee award is that the district court's opinion must have explained the reasons for the award with 'sufficient clarity to enable an appellate court to intelligently review the award.' ").

### 1. THE "LODESTAR"

### a. REASONABLE HOURS

██ "[A]ll reasonable expenses and hours incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988," *Barnes,* 168 F.3d at 427 (11th Cir.1999) (*quoting Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir.1983)), but "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary" because, for example, the case is overstaffed. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. Work performed by multiple attorneys, however, is not subject to reduction where the attorneys were not unreasonably doing the same work. *Jones v. Central Soya Co.,* 748 F.2d 586, 594 (11th Cir.1984); *Johnson v. University College,* 706 F.2d 1205, 1208 (11th Cir.1983). As to the work performed, compensable activi-

ties include pre-litigation services in preparation of filing the lawsuit, background research and reading in complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating the request for attorneys' fees. *See City of Riverside v. Rivera,* 477 U.S. 561, 573 n. 6, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (allowing compensation for productive attorney discussions and strategy conferences); *Webb v. Board of Ed.,* 471 U.S. 234, 243, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985) (allowing compensation for pre-litigation services in preparation of suit); *Cruz v. Hauck,* 762 F.2d 1230, 1233–34 (5th Cir.1985) (allowing compensation for preparing and litigating fee request); *Adams v. Mathis,* 752 F.2d 553, 554 (11th Cir.1985) (holding that measures to enforce judgment are compensable); *New York State Assoc. for Retarded Children v. Carey,* 711 F.2d 1136, 1146 & n. 5 (2d Cir.1983) (allowing compensation for background research and reading in complex cases); *Brewster v. Dukakis,* 544 F.Supp. 1069, 1079 (D.Mass.1982) (compensating for negotiation sessions), *aff'd as modified,* 786 F.2d 16, 21 (1st Cir.1986); *In re Agent Orange Prod. Liab. Litig.,* 611 F.Supp. 1296, 1321, 1348 (E.D.N.Y.1985) (compensating routine activities such as telephone calls or reading mail that contribute to the litigation). Reasonable travel time of the prevailing party's attorneys ordinarily is compensated on an hourly basis, although the rate may be reduced if no legal work was performed during travel. *University College,* 706 F.2d at 1208. As with attorneys' work, the hours expended by paralegals, law clerks, and other paraprofessionals are also compensable to the extent these individuals are engaged in

work traditionally performed by an attorney. *Missouri v. Jenkins,* 491 U.S. 274, 285, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir.1988). In short, "with the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988," and "the standard of reasonableness is to be given a liberal interpretation." *NAACP v. City of Evergreen,* 812 F.2d 1332, 1337 (11th Cir.1987) (quoting *Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir. 1983)).

A computation of the hours reasonably expended should not include time spent on "discrete and unsuccessful" claims, *Duckworth v. Whisenant,* 97 F.3d 1393, 1397 (11th Cir.1996), but should include time spent on all claims that arise out of the same course of conduct and share a "common core of fact," even if a specific individual claim did not succeed. *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Davis v. Locke,* 936 F.2d 1208, 1214 (11th Cir.1991); *Jean v. Nelson,* 863 F.2d 759, 771 (11th Cir.1988); *Popham v. City of Kennesaw,* 820 F.2d 1570, 1578 (11th Cir. 1987); *Military Circle Pet Ctr. No. 94 v. Cobb County,* 734 F.Supp. 502, 504 (N.D.Ga.1990). In determining whether claims are related by a common core of fact, the Eleventh Circuit has taken an expansive view. *See Popham,* 820 F.2d at 1579 ("Because plaintiff's counsel is required to 'explore every aspect of the case, develop all the evidence and present it to the court,' courts have expansively treated claims as being related.") (citations omitted). A court also should not discount an

attorneys' fee award based on the court's rejection of an alternative legal ground, when one of the grounds is accepted. As the Supreme Court has stated:

> Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised.

*Hensley v. Eckerhart,* 461 U.S. 424, 441, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). With these principles in mind, the Court now turns to the specific hours Plaintiffs have requested in their petition for attorneys' fees to determine their reasonableness.

▮▮▮▮ Defendants contend that the Court should reduce the attorneys' fees award between $12,653.20 and $33,479.50 on grounds that the time Plaintiffs spent on the appeal to the Fulton County Personnel Board is noncompensable. A court should award attorneys' fees for time "spent on administrative proceedings to enforce the civil rights claim prior to the litigation." *North Carolina Dept. of Transp. v. Crest Street Community Council, Inc.,* 479 U.S. 6, 15, 107 S.Ct. 336, 93 L.Ed.2d 188 (1986). The Supreme Court has held that mandatory administrative proceedings fall within this category. *See New York Gaslight Club, Inc. v. Carey,* 447 U.S. 54, 71, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980) (concluding that Title VII prevailing party is entitled to recover attorneys' fees incurred from administrative proceedings because such proceedings are mandated by Title VII). Fees for time spent on optional administrative proceedings, however, are not automatically recoverable pursuant to the civil rights fee-shifting statutes. *See Webb v. County Bd. of Educ. Of Dyer County,* 471 U.S. 234, 241, 105 S.Ct. 1923, 85 L.Ed.2d 233 (1985) (concluding that attorneys' fees incurred as part of optional administrative proceedings are not recoverable as part of a prevailing party's reasonable attorneys' fees in a § 1983 case); *Manders v. Oklahoma ex rel. Dept. of Mental Health,* 875 F.2d 263, 266–67 (10th Cir.1989), *superseded by statute on other grounds* (denying attorneys' fees to a prevailing party for time expended on an internal grievance proceeding in a Title VII case). Time spent on optional administrative proceedings is compensable only if it is both "useful and of a type ordinarily necessary" to advance the civil rights litigation. *See Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 561, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986) ("[In *Webb,*] we noted that for the time spent pursuing optional administrative proceedings properly to be included in the calculation of a reasonable attorney's fee, the work must be 'useful and of a type ordinarily necessary' to secure the final result obtained from the litigation."); *accord Brooks v. Georgia State Bd. of Elections,* 997 F.2d 857, 862 (1993). The application of this standard is left to the discretion of the district court. *Delaware Valley,* 478 U.S. at 561, 106 S.Ct. 3088; *Brooks,* 997 F.2d at 863, 866.

▮▮▮▮ In this case, Plaintiffs' appeal to the Fulton County Personnel Board was not required for them to file this suit. Seeking redress through the Fulton County Personnel Board was optional, not mandatory. Because the proceedings before the Fulton County Personnel Board were not mandatory, time spent on them is not

automatically compensable. The Court, however, concludes that time spent on these proceedings should be compensated because they were "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Delaware Valley*, 478 U.S. at 561, 106 S.Ct. 3088. The Eleventh Circuit in similar contexts has interpreted this standard very expansively:

> The [Supreme] Court affirmed the award of fees for work done in Phases II and IX. The liberality of the Court's view of what was "crucial to the vindication of Delaware Valley's rights under the consent decree" is illustrated by the fact that the Phase IX work that was fully compensated included the filing of an amicus brief in an unsuccessful effort to influence a state court appellate proceeding. Read against those facts, *Delaware Valley*'s requirement that the work be "crucial" to the vindication of rights under the judgment appears to mean not much more than that it be *relevant to those rights* and *related to the terms of the judgment.*

*Brooks,* 997 F.2d at 863–64 (citations omitted) (emphasis added).

Determinations of the Personnel Board involved issues that were identical to those at trial and arose from the same core of fact. Plaintiffs were required to mitigate their damages and did so by prevailing to various degrees in the Personnel Board proceedings. For example, Plaintiff Lambert's termination was reversed and replaced with a temporary suspension. The Personnel Board's determinations were placed in evidence at the trial. The Plaintiffs were cross-examined in part on testimony that they gave at the Personnel Board hearing. Valuable information useful to the litigation was obtained at the Personnel Board hearing that was of assistance to Plaintiffs' counsel in taking depositions and trying the case. Defendants advanced a theory at trial that the Personnel Board had disagreed with Defendants Regus and Cooper, thereby undoing any discriminatory actions on their part. While it is true that it is Plaintiffs who voluntarily sought the Personnel Board hearing, Defendants injection of it into the trial shows its entanglement in the litigation. Accordingly, Plaintiffs may recover for all time their counsel spent on proceedings before the Personnel Board. The Court recognizes that reasonable minds might disagree on this issue but, given the expansive view of Supreme Court and Eleventh Circuit precedent, concludes that the time is compensable.

This conclusion is consistent with *Webb.* According to the Eleventh Circuit, the Supreme Court foreclosed attorneys' fees for optional administrative proceedings in *Webb* only because the plaintiff failed to show an adequate relationship between the administrative proceedings and the litigation:

> The *Webb* court did not close the door entirely on extra-judicial work. In words that presaged [*Delaware Valley* ], the Court noted that the plaintiff in that case had not argued that any discrete portion of the work product from the administrative proceedings was work that was "both useful and of a type ordinarily necessary to advance the civil rights litigation to the stage it reached before settlement." Instead, he had argued that all of the work should be treated alike, and the district court had held that all of it was not compensable. The Supreme Court stressed that review of such matters was limited to determining whether there had been an abuse of discretion . . . ."

*Brooks,* 997 F.2d at 862. As explained above, Plaintiffs in this case have demonstrated that the time which their counsel spent compiling evidence for the Personnel Board hearing would have been expended on the litigation in any case. The Court, therefore, cannot conclude that this time is separate from the litigation and consequently noncompensable. Additionally, the Court notes that even if it concluded that time spent on the Personnel Board hearings is not compensable, the correct reduction would be $12,653.20, not $33,479.50. Plaintiffs have demonstrated that many of the hours represented in the $33,479.50 figure do not relate to the Personnel Board hearing but rather to the mandatory EEOC proceedings and other investigation necessary to filing the Complaint in this Court.

### b. *REASONABLE HOURLY RATE*

 The second half of the lodestar calculation is the determination of a "reasonable hourly rate" for the attorneys' services. Reasonable hourly rates for the purposes of Section 1988 are to be measured by the "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Prevailing market rates are those rates that are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Id.* at 895 & n. 11, 104 S.Ct. 1541; *ACLU of Ga. v. Barnes,* 168 F.3d 423, 436 (11th Cir.1999). The applicant attorney's customary billing rate for fee-paying clients ordinarily is the best evidence of his market rate, although that information is not necessarily conclusive. *Dillard v. City of Greensboro,* 213 F.3d 1347, 1354–55 (11th Cir.2000) ("What [the attorney] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid 'as determined by supply and demand.'"); *see also National Assoc. of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1325 (D.C.Cir.1982) ("The best evidence would be the hourly rate customarily charged by the affiant himself or by his law firm."). A fee applicant also may provide opinion evidence of reasonable rates, which is commonly done by submitting affidavits of other attorneys in the relevant legal community. *Duckworth v. Whisenant,* 97 F.3d 1393, 1396–97 (11th Cir.1996). Finally, the Court may utilize its own personal experiences and expertise to assess the lawyering skills exhibited during the pendency of the case, *see id.* ("This Court has also been given ample opportunity to assess the lawyering of this case for the Plaintiff."), but the Court cannot simply substitute its own judgment for uncontradicted evidence without an explanation and support in the record. *NAACP v. City of Evergreen,* 812 F.2d 1332, 1334, 1336 (11th Cir.1987).

 In determining a reasonable hourly rate, the Eleventh Circuit Court of Appeals has provided a list of factors for its district courts to consider.[2] *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), *abrogated on other grounds, Blanchard v. Bergeron,* 489 U.S. 87, 94, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989). Although some courts now apply these factors only in determining whether to grant an enhancement to the lodestar,

---

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

the Supreme Court has stated that these factors usually are subsumed in the lodestar calculation. *Pennsylvania v. Delaware Valley Citizens' Council,* 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). Accordingly, the Court includes them in its analysis of reasonable hourly rates in this case. *See Farley v. Nationwide Mut. Ins. Co.,* 197 F.3d 1322, 1340 & n. 7 (11th Cir.1999) ("The [trial] court properly considered the reasonable attorney fee guidelines the former Fifth Circuit outlined in *Johnson* [ ], which we have subsequently adopted for reasonable fee determinations for prevailing parties."); *Norman v. Housing Authority of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988) ("We still believe that at least some of the *Johnson* factors have utility in establishing the hourly rate."); *NAACP v. Evergreen,* 812 F.2d 1332, 1336–37 (11th Cir.1987) (suggesting that *Johnson* factors might still be considered in terms of their influence on the lodestar amount); *Carey v. Rudeseal,* 721 F.Supp. 294, 298–99 (N.D.Ga.1989) ("The Eleventh Circuit has indicated that some of the factors set out in *Johnson* [ ] may still have utility in establishing the hourly rate at which a prevailing attorney should be compensated. This is particularly true where there is an issue as to the appropriate rate."). The twelve *Johnson* factors are as follows:

1) the time and labor required;

2) the novelty and difficulty of the questions;

3) the skill requisite to perform the legal service properly;

4) the preclusion of other employment by the attorney due to acceptance of the case;

5) the customary fee;

6) whether the fee is fixed or contingent;

7) time limitations imposed by the client or the circumstances;

8) the amount involved and the results obtained;

9) the experience, reputation and ability of the attorneys;

10) the "undesirability" of the case;

11) the nature and length of the professional relationship with the client;

12) awards in similar cases.

*Johnson,* 488 F.2d at 717–19; *accord Farley,* 197 F.3d at 1340 n. 7; *Gaines v. Dougherty County Bd. of Ed.,* 775 F.2d 1565, 1571 n. 13 (11th Cir.1985); *Jones v. Central Soya Co.,* 748 F.2d 586, 588 n. 1 (11th Cir.1984); *Dowdell v. City of Apopka,* 698 F.2d 1181, 1187 n. 8 (11th Cir. 1983). These factors are taken verbatim from an earlier version of the American Bar Association Code of Professional Responsibility, Disciplinary Rule 2–106, which guides attorneys in deciding upon a reasonable fee for legal services.

Counsel for Plaintiffs in this case have provided affidavits to support the reasonableness of their requested hourly rates. Defendants have not challenged these rates at all. Because Plaintiffs have provided substantial evidence that their requested rates are reasonable and Defendants have failed to challenge the requested rates, the Court will allow compensation of Plaintiffs' attorneys and paralegals at the following current hourly rates, as requested: Edward D. Buckley, III, $275.00; John D. Jones, $225.00; F.C. Schenck, $225.00; J. Russell Phillips, $225.00; R. Eugenie Goff, $225.00; Charles R. Bliss, $225.00; Charles W. Billingsley, $195.00; Victoria L. McLaughlin, $195.00; Charles Joseph Gernazian, $195.00; Julie K. McGehee,

$85.00; and Joel L. Tucker, $85.00. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 430 (11th Cir.1999) ("The defendants have not directly challenged that aspect of the fee application, so the full amount ... will be paid. No problem there.").

## B. TAXABLE AND NON-TAXABLE COSTS

■ Plaintiff filed with the Court a Bill of Costs [Docs. 151] in accordance with 28 U.S.C. §§ 1821 and 1920, Fed.R.Civ.P. 54(c), and Local Rule 54.1. The Supreme Court has stated that the word "costs" is a term of art defined by 28 U.S.C. § 1920. *West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 87 n. 3, 111 S.Ct. 1138, 113 L.Ed.2d 68 (1991). Section 1920 provides that only the following items may be taxed as "costs":

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3). Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Although the Court possesses broad discretion whether to award costs, it cannot award as costs any items not set out in Section 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir.1996); *Mallory v. Harkness*, 923 F.Supp. 1546, 1557 (S.D.Fla.1996); *Jane L. v. Bangerter*, 828 F.Supp. 1544, 1557 (D.Utah 1993).

In this case, on June 29, 2000, Plaintiffs filed their Bill of Costs [Doc. 151] totaling $26,739.57. The Clerk of Court taxed those costs against Fulton County on June 30, 2000. On August 3, 2000, the Court vacated and set aside this taxation of costs because some of the items listed were not recoverable pursuant to Section 1920, directed the Clerk to tax costs in favor of Plaintiffs for $13,214.95, and allowed Plaintiffs 10 days to file an amendment to their attorneys' fees itemization for costs recoverable pursuant to Section 1988 [Doc. 161]. Plaintiffs filed their amendment on August 17, 2000, requesting recovery of $13,145.13 in costs pursuant to Section 1988 [Doc. 166]. Defendants on September 6, 2000, responded with a challenge to the entire request but with sufficient specific objections to only $8,133.37 [Doc. 173]. Plaintiffs filed a reply brief on September 19, 2000 [Doc.178]. Plaintiffs filed a second reply brief on September 22, 2000 [Doc. 179], but then withdrew it on September 26, 2000 [Doc. 181].

■ "With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 438 (11th Cir.1999) (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir.1983)); *see Mallory*, 923 F.Supp. at 1557 ("[B]ecause the Plaintiff has sought attorney's fees under 42 U.S.C. § 1988, the traditional limits of 28 U.S.C. § 1920 do not restrict the recovery of costs."). Pursuant to § 1988, a plaintiff may recover all out-of-pocket expenses

that "would normally be charged to a fee paying client" and are not "routinely absorbed in office overhead." *Harris v. Marhoefer,* 24 F.3d 16, 19 (9th Cir.1994); *Cleveland Area Bd. of Realtors v. City of Euclid,* 965 F.Supp. 1017, 1023 (N.D.Ohio 1997); *Jane L. v. Bangerter,* 828 F.Supp. 1544, 1558 (D.Utah 1993); *Cherry v. Rockdale County,* 601 F.Supp. 78, 81 (N.D.Ga. 1984). Importantly, the Eleventh Circuit has directed that "the standard of reasonableness is to be given a liberal interpretation." *Dowdell,* 698 F.2d at 1192; *accord NAACP v. City of Evergreen,* 812 F.2d 1332, 1337 (11th Cir.1987). In applying this standard, the Eleventh Circuit and district courts in this Circuit uniformly have allowed recovery of such expenses as photocopying, postage, long distance phone calls, necessary travel, and on-line research. *Cullens v. Georgia Dept. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994) ("The [district] court denied telephone and travel expenses on the ground that 28 U.S.C. § 1920 does not provide for their recovery. The government acknowledges that this was error ...."), *Dowdell,* 698 F.2d at 1192; *Mallory v. Harkness,* 923 F.Supp. 1546, 1557 (S.D.Fla.1996); *Cherry,* 601 F.Supp. at 81. The policy underlying this broad recovery of expenses has been stated by the Eleventh Circuit as follows:

> Reasonable attorneys' fees under the Act must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenditures which may be as essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford

to pay for them, they must be borne by counsel, reducing the fees award correspondingly.

*Dowdell,* 698 F.2d at 1190.

■ Defendants first object to $6,356.25 in photocopying costs. Defendants contend that Plaintiffs have failed to describe these costs with sufficient particularity. According to Defendants, Plaintiffs should have identified specifically what copies are included in this amount. Defendants direct the Court to *Jan R. Smith Construction Company v. DeKalb County,* 18 F.Supp.2d 1365, 1377 (N.D.Ga.1998), and *Lee v. American Eagle Airlines,* 93 F.Supp.2d 1322, 1335–36 (S.D.Fla.2000), where photocopying expenses lacking any explanation were unrecoverable. In *Jan R. Smith,* the plaintiffs filed two companion suits but ultimately succeeded on only one of them. In disallowing recovery of photocopying costs, Judge Moye emphasized that the plaintiffs had failed to indicate for which of these two cases the costs were incurred. *Jan R. Smith,* 18 F.Supp.2d at 1377. In *Lee,* the court emphasized that the plaintiffs' photocopying costs were "wholly devoid of explanation" and that the plaintiffs did not even demonstrate that the expenses were related to the litigation. *Lee,* 93 F.Supp.2d at 1336.

*Jan R. Smith* and *Lee* are distinguishable from the present case. The plaintiffs in those cases provided no explanation or breakdown whatsoever for their photocopying costs. Plaintiffs' counsel in this case has presented evidence of internal procedures allowing them to document the amount of expenses incurred on photocopying for each case. Plaintiffs' counsel submitted internal accounting documents that reflect the number of copies made in the case. These records are derived from firm employees entering the case number

into the photocopier each time they made a photocopy relating to the case. Such evidence of internal procedures suffices to recover photocopying costs. *See Levka v. City of Chicago,* 107 F.R.D. 230, 231 (N.D.Ill.1985) (rejecting defendant's objection to photocopying expenses based on no breakdown or other justification when plaintiff provided the "best breakdown obtainable from retained records"). For this Court to rule otherwise would place an unnecessary and unfair burden on Plaintiffs' counsel. This practice also would require future litigants to expend an even greater number of hours documenting their photocopying costs. Indeed, it might even result in them seeking more compensation for compiling the photocopying expense reports than for the cost of photocopying itself. The Court cannot sanction such a wasteful requirement. In any event, the amount requested is not unreasonable given the number of parties involved and factual complexity of the case.

Plaintiffs also may recover $139.64 for document duplication by DocuPro, Inc. Defendants argue that Plaintiffs have offered no explanation whatsoever for the copies claimed and that the invoice submitted does not even indicate that these copies were made for this case. The reference numbers for both the invoice and the check, however, include Plaintiffs' counsels' internal case number for this litigation. Additionally, it is noteworthy that the date of this invoice is June 29, 2000, and the invoice states that 1,028 copies were made and 24 litigation tabs were provided. That same day Plaintiffs filed their Bill of Costs [Doc. 151], a document about an inch thick that includes tabs separating the various categories. It is clear that this DocuPro invoice relates to Plaintiffs' Bill of Costs. Given that the record itself proves that the $139.64 paid to Docu-

Pro pertains to Plaintiff's Bill of Costs, the Court concludes that the amount is compensable.

■ Defendants next object to all $486.95 in mileage and parking costs. They especially object to $227.00 in mileage and parking "purportedly incurred by paralegal Joel Tucker *in one day.*" Defendants contend that Plaintiffs have failed to describe parking and mileage expenses with any particularity whatsoever and once again cite *Jan R. Smith.* Plaintiffs respond with a factual explanation and legal argument. They explain that paralegal Tucker did not incur $227.00 in mileage and parking in one day. Instead, that date represents when Tucker was reimbursed for the costs that he incurred. As for their legal argument, Plaintiffs contend that mileage and parking costs are recoverable and that they sufficiently have set forth the costs incurred by each firm employee. The Court agrees. Plaintiffs have provided the reimbursement forms that firm employees submitted for mileage and parking reimbursement. These forms include such statements as "Doc. Production on ¾," "Mileage/parking to attend Bockman hearing," "USDC Lot to file II Depo Excerpts," and "USDC lot (to file certificate)." Because such statements and other similar statements provide sufficient evidence of the activities related to mileage and parking in this case, the Court concludes that the requested costs are compensable. Furthermore, Defendants have provided no other evidence that $486.95 is an unreasonable amount of mileage and parking for an intensive three-year case such as this one.

■ Defendants also object to $466.63 that Plaintiffs spent on messenger/courier services. Defendants contend that the

costs of such services are not recoverable. As support, they cite *Surgner v. Blair*, 1996 WL 284993, *5, 1996 U.S. Dist. LEXIS 7186, **14–15 (E.D.Pa. May 20, 1996), where the court wrote that the costs the plaintiffs sought to recover:

> include the services of an investigator, long distance telephone calls, postage and courier fees, and parking and travel expenses. In the absence of any fee shifting authority, each party should bear its own costs. *See West Virginia Hospitals.* We therefore decline to shift the burden of these costs to the defendants.

*Surgner,* 1996 WL 284993, *5, 1996 U.S. Dist. LEXIS 7186, at **14–15. While that may be the rule in some other circuits, it clearly is not the rule in the Eleventh Circuit. The Eleventh Circuit has stated explicitly that "[w]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." *ACLU of Ga. v. Barnes,* 168 F.3d 423, 438 (11th Cir.1999) (quoting *Dowdell v. City of Apopka,* 698 F.2d 1181, 1192 (11th Cir.1983)). In applying this standard, the Eleventh Circuit and district courts in this Circuit uniformly have allowed recovery of such expenses as photocopying, postage, long distance phone calls, necessary travel, and on-line research. *Cullens v. Georgia Dept. of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994) ("The [district] court denied telephone and travel expenses on the ground that 28 U.S.C. § 1920 does not provide for their recovery. The government acknowledges that this was error ..."), *Dowdell,* 698 F.2d at 1192; *Mallory v. Harkness,* 923 F.Supp. 1546, 1557 (S.D.Fla.1996); *Cherry,* 601 F.Supp. at 81.

Given that the Eleventh Circuit has directed that "the standard of reasonableness is to be given a liberal interpretation,"*Dowdell,* 698 F.2d at 1192, the Court concludes that courier services also should be recoverable in this particular case. First, it was not unreasonable for counsel to conclude that it was more economical to use a courier service than have a paralegal transport the documents, when one takes into account the paralegal's time and parking fees. Second, Plaintiffs handled this case on a contingency basis. Had they lost the case, they would not have been able to recover these costs or any other costs. The fact that they handled the case on a contingency basis created an incentive for them not to engage in wasteful spending. Third, the Court cannot conclude that a little more than $450.00 in courier services is unreasonable for a three-year case that presently totals 181 docket entries. For these reasons, the Court concludes that courier services are compensable in this particular case.

Defendants next object to $260.00 in postage. Defendants contend that Plaintiffs' records lack sufficient specificity. Once again Defendants cite *Jan R. Smith Construction Company v. DeKalb County,* 18 F.Supp.2d 1365, 1377 (N.D.Ga.1998) as their legal support. Plaintiffs have provided internal record support for their postage costs similar to the records for their photocopying costs. For the same reasons the Court allowed recovery of Plaintiffs' photocopying costs, the Court allows recovery of Plaintiffs' postage costs.

Defendants next object to $18.90 in Federal Express expenses on grounds that Plaintiffs have not specifically identified what was sent or that the cost was reasonable. Plaintiffs reply that they used Federal Express only once in the entire case.

Defendants do not dispute this point. As stated above, Plaintiffs handled this case on a contingency basis. The fact that they used Federal Express only once tends to show that they were not engaged in wasteful spending. It is not the Court's role to second-guess every cost decision counsel might make. Because of the extremely limited use of Federal Express in this case and Plaintiffs' counsels' financial incentive to hold down costs, the Court concludes that $18.90 in Federal Express costs is compensable in this particular case.

■ Defendants final objection is to telecopier, or facsimile, expenses, which Defendants compute at $405.00. The correct amount of this objection, however, is actually $403.00 because Plaintiffs in their amendment already subtracted $2.00 for an inadvertent charge that does not relate to this case. Defendants contend that the telecopier expenses lack specificity and are not reasonable. As to the specificity argument, the Court notes that Plaintiffs have provided an internal record of the number of pages faxed in this case, in a similar way they provided proof of the number of photocopies they made. As to the reasonableness argument, the Court agrees with Judge Broderick that legal counsel "is entitled to take advantage of late twentieth century technology in running his law practice and need not ... conduct a cost benefit analysis of whether it is cheaper to fax or mail each time he wishes to send a letter." *Halderman v. Pennhurst State Sch. & Hosp.*, 899 F.Supp. 209, 216 (E.D.Pa.1995); *accord Moore v. University of Notre Dame*, 22 F.Supp.2d 896, 912 (N.D.Ind.1998). Accordingly, the Court concludes that telecopier costs are compensable in this case. The Court awards telecopier costs of $403.00.

## C. CALCULATION OF ATTORNEYS' FEES AND COSTS PROVIDED

■ The Eleventh Circuit has stated that a court granting an award of attorneys' fees should provide a summary table explaining how it arrived at the calculation of the attorneys' fees and costs awarded. *See Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co.*, 207 F.3d 1247, 1252 (11th Cir.2000) ("The trial court should articulate and give principled reasons for its decisions and show some calculations."); *ACLU of Ga. v. Barnes*, 168 F.3d 423, 439 (11 Cir.1999) ("To the extent that the excessive amount was the result of an arithmetical error, it illustrates why district courts should, show their calculations in fee orders."); *cf. Duckworth v. Whisenant*, 97 F.3d 1393, 1400 (providing summary calculation of attorneys' fees and costs awarded). Accordingly, the Court provides the following summary calculation of the fee award in this case:

| **Attorneys' Fees** | **$412,222.75** |
|---|---|
| Edward D. Buckley<br>441.4 hours @ $275.00 | $121,385.00 |
| John D. Jones<br>5.4 hours @ $225.00 | 1,215.00 |
| F.C. Schenck<br>220.1 hours@ $225.00 | 49,522.50 |
| J. Russell Phillips<br>8.6 hours @ $225.00 | 1,935.00 |

| | |
|---|---|
| R. Eugenie Goff<br>0.8 hours @ $225.00 | 180.00 |
| Charles R. Bliss<br>173.7 hours @ $225.00 | 39,082.50 |
| Charles W. Billingsley<br>7.0 hours @ $195.00 | 1,365.00 |
| Victoria McLaughlin<br>58.4 hours @ $195.00 | 11,388.00 |
| Charles Joseph Gernazian<br>622.7 hours @ $195.00 | 121,426.50 |
| Julie K. McGehee<br>1.7 hours @ $85.00 | 144.50 |
| Joel L. Tucker<br>759.75@ $85.00 | 64,578.75 |

**Non–Taxable Expenses** **13,145.13**

| | |
|---|---|
| Office Photocopying | 6,356.25 |
| DocuPro Photocopying | 139.64 |
| Telecopier/Facsimile | 403.00 |
| Mileage and Parking | 486.95 |
| Postage | 260.00 |
| Messenger/Courier Services | 466.63 |
| Federal Express | 18.90 |
| Other Expenses, Which Defendants<br>Do Not Challenge | 5,013.76 |

**TOTAL AWARD** **$425,367.88**

## II. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Leave to File Supplemental Affidavit and Itemization of Attorneys' Fees [Doc. 171] is GRANTED and Plaintiffs' Motion for Attorneys' Fees and Costs [Doc. 143] is GRANTED in the amount of $425,367.88. The Clerk is directed to enter a supplemental judgment in favor of Plaintiffs, jointly, and against the Defendants subject to the verdict and judgment, jointly and severally, in this amount and for post-judgment interest at the legal rate from the original judgment date, May 30, 2000. *See Georgia Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir.1988).