United States Court of Appeals,

Eleventh Circuit.

No. 95-9341.

Timothy P. DUCKWORTH, Plaintiff-Appellee,

v.

Michael E. WHISENANT, James Patrick, Lionel G. Higdon, Stuart Jackson, Individually and in their official capacities as Deputy Sheriffs of DeKalb County, Georgia, Pat Jarvis, Sheriff of DeKalb County, Georgia, Defendants,

DeKalb County, Georgia, Defendant-Appellant.

Oct. 21, 1996.

Appeal from the United States District Court for the Northern District of Georgia. (No. 1:89-CV-1102-JOF), J. Owen Forrester, District Judge.

Before BARKETT, Circuit Judge, and DYER and HILL, Senior Circuit Judges.

PER CURIAM:

DeKalb County, Georgia appeals the district court's award of attorneys' fees in this civil rights case. The County contends that the court abused its discretion in awarding plaintiff's counsel $162,209 in fees when plaintiff sought no injunctive relief and the fees awarded are disproportionate to the $500 recovered from the County.

We have considered the arguments the County advances and conclude that there is no abuse of discretion in this case. The district court meticulously applied the controlling legal precedent to a set of facts fully supported by the record in arriving at the fees awarded. Accordingly, we affirm on the basis of the Order dated September 25, 1995, attached as an appendix and hereby incorporated into and made a part of this opinion.

AFFIRMED.

APPENDIX

IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

Timothy P. Duckworth, Plaintiff,

vs.

Michael E. Whisenant, et al., Defendants.

Civil Action No. 1:89-CV-1102-JOF.

*ORDER*

The matter before the court is Plaintiff's motion for reconsideration of an order denying an award of costs and attorney's fees [134-1]. The court explained its denial as based upon its inability to assess reasonable costs or attorney's fees because Plaintiff's exhibits in support of its motion had not been filed with the court. After full consideration of the matter, the court erred in that determination and thereby GRANTS Plaintiff's motion for reconsideration. Thus, the order entered on January 31, 1995, [133-1] is VACATED.

I. STATEMENT OF THE CASE

Plaintiff sued for injuries that he sustained as a result of excessive force used by deputies of DeKalb County Sheriff's Office while being processed into jail as a pretrial detainee. Following a non-jury trial, the court determined that Plaintiff failed to carry his burden of proof with regard to individual officers with the exception of Officer James Patrick, who conceded that he had kicked Plaintiff in the groin area when Plaintiff was handcuffed. In regard to Defendant DeKalb County, however, the court criticized its failure to discipline severely officers who filed false reports

concerning excessive force, who engaged in the use of excessive force, or who testified falsely regarding the use of excessive force. The court concluded that had the officers been on notice that DeKalb County would not tolerate such conduct, the excessive force that violated Plaintiff's constitutional rights would not have occurred. Based upon these determinations, the court entered judgment for Plaintiff and awarded Plaintiff $500 in compensatory damages against DeKalb County and Officer Patrick, and $10,000 in punitive damages against Officer Patrick individually [122-1].[1]

Plaintiff filed a motion for award of costs and attorney's fees with a brief and exhibits in support on April 18, 1994 [124-1]. In support of its motion, Plaintiff presented evidence indicating that attorney's fees and costs should include compensation: for 519.95 hours of work performed by Donald B. Howe, Jr., for 715.5 hours of work performed by Michael N. Weathersby, and for 27.50 hours of work performed by Mr. Weathersby's paralegals, as well as out-of-pocket costs paid by Mr. Howe's firm in the amount of $6,248.74, and those paid by Mr. Weathersby's firm in the amount of $8,791.75. Plaintiff submitted affidavits from eleven attorneys practicing in Georgia that showed a prevailing market rate for Atlanta ranging from $100 to $300 per hour depending upon the nature of the case and skill and experience of the attorney.

Defendants oppose Plaintiff's motion for costs and fees on the

---

[1]In the same order, the court dismissed claims against Defendants Michael E. Whisenant and Lionel G. Higdon, and awarded $1,000 in compensatory damages and $5,000 in punitive damages to Officer Whisenant in his assault counterclaim against Plaintiff.

grounds that Plaintiff is seeking an excessive sum based upon the amount of recovery and initially request the court to deny the motion in its entirety [127-1]. Defendants further dispute whether Plaintiff has properly calculated attorney fees and costs. First, they contest whether the evidence of "prevailing market rates" has provided this court with a proper range of rates for civil rights litigation as conducted by Plaintiff's counsel. Second, Defendants argue that the request does not include any deduction for unsuccessful claims or excessive, unnecessary, or redundant hours, and demonstrates poor "billing judgment." After outlining their objections to Plaintiff's evidence of fees, Defendants have suggested that their tally of "reasonable" hours for Plaintiff's counsel not surpass 904.2 hours, as compared with the 1,262.5 hours set forth by Plaintiff. Finally, after comparing the monetary awards to Plaintiff with the monetary relief sought, Defendants urge this court either to deny all fees requested or to adjust the lodestar to a minimal fee.

II. DISCUSSION

A. *Attorney's Fees*

*Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292 (11th Cir.1988), prescribes the law in our circuit for determining the appropriate award of attorney's fees. The court must multiply the number of hours reasonably expended by a reasonable hourly rate. *Id.* at 1299, 1302. The party who applies for attorney's fees is responsible for submitting satisfactory evidence to establish both that the requested rate is in accord with the prevailing market rate and that the hours are reasonable.

*Id.* at 1303.  After determining the lodestar, the court may adjust the amount depending upon a number of factors, including the quality of the results and representation of the litigation.  *Id.* at 1302.

### 1. *Reasonable Hourly Rate*

The first step is to ascertain a rate to charge for the attorney's representation.  Plaintiff has requested $175 per hour for both attorneys and argues that the relevant range based upon the affidavits submitted is from $135 to $300 per hour.  Defendants protest on the basis that Plaintiff provided the court with only one affidavit establishing actual rates for § 1983 civil rights cases.  Furthermore, Defendants assert that this affiant inflated the estimate of his hourly rate in light of the affiant's unsuccessful § 1983 cases for which he would receive no payment.  Also contested by Defendants is the skill that Plaintiff's attorneys exhibited based upon the valuation of the claims, the legal theories pursued and the fact that this was Mr. Weathersby's first § 1983 case.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299.  Contrary to Defendant's supposition, this circuit has recognized that a movant may meet his burden by producing either direct evidence of rates charged under similar circumstances *or opinion evidence* of reasonable rates.  *Id.* at 1299.  Furthermore, a civil rights case involving a single plaintiff may require analogies to other areas of representation

with the absence of "ongoing relationship between the attorney and the client." *Id.* at 1300. While the court is cognizant that some opinion evidence may be afforded less weight due to differences such as the affiant's type of casework or experience, Defendant's attack upon the affidavits submitted is not availing.

Based upon a practice in securities and experience with civil rights and securities cases involving attorney's fees, Robert D. Feagin estimated that a prevailing market rate ranged from $125 to $300 per hour. Ralph S. Goldberg assessed the range as between $125 and $250 per hour depending upon the experience of the attorney. Richard W. Hendrix stated that he charges and receives $190 per hour for civil rights cases.[2] Plaintiff clearly has met his burden in providing evidence by which this court may assess the prevailing market rate. Plaintiff's attorneys have requested $175 per hour, the amount that they charge their clients in their respective practices.

This court has also been given ample opportunity to assess the lawyering of this case for the Plaintiff. Both attorneys are experienced litigators who ably represented their client. Since his admission to the bar in 1961, Donald B. Howe, Jr., has handled over a dozen civil rights cases through trial and at least twenty cases that settled before trial, with the occasion to represent both plaintiffs and defendants. An hourly rate of $200 appropriately represents the efforts of Mr. Howe. His co-counsel, Michael N. Weathersby, has been practicing in Atlanta for over a

---

[2]Attorneys Feagin, Goldberg and Hendrix have been practicing law in Georgia since 1963, 1975, and 1979, respectively.

decade with a pronounced emphasis upon the areas of products liability and commercial litigation. Because the case at bar was Mr. Weathersby's first § 1983 excessive force case, this court deems the rate of $150 per hour as a reasonable basis for calculating his fees.

## 2. *Reasonable Hours Expended*

The second step requires a determination as to the number of reasonable hours expended by counsel. While exercising proper "billing judgment," the party should have excluded those hours that would be unreasonable to bill a client or opposing counsel without reference to skill, reputation or experience. *Norman,* 836 F.2d at 1301. The court will therefore deduct unnecessary or redundant hours and time spent upon "discrete and unsuccessful claims" from the calculations. *Id.* at 1301-02.

Because reducing the hours claimed requires the court's precision, the law in this circuit commands that both the proof of the hours spent in litigation and any corresponding objections posed be voiced with a similar exactitude. *Norman,* 836 F.2d at 1301. Plaintiffs have enumerated 519.95 hours spent by Mr. Howe and 715.5 hours spent by Mr. Weathersby. Defendants have specific objections to an estimated 358.4 of the 1,262.6 hours requested. Although Plaintiff asserts that ninety percent of the time spent by counsel was directed toward Plaintiff's successful claim against DeKalb County and that no duplication of efforts of counsel occurred, this court cannot agree with that assessment.

In searching for a principled way to make reductions for unsuccessful claims and redundant work, the court declines to adopt

the approach of subtracting five or ten percent from the sum requested, as advocated by Plaintiffs. Rather, finding the bulk of Defendant's specific objections and arguments to the amounts claimed to be convincing, the court adopts Defendant's calculations of reasonable hours as modified below.[3] Consequently, the court's calculations, which arrive at 942 "reasonable hours" of work, should provide a more generous return for Plaintiff's efforts.

### i) Unsuccessful Claims[4]

---

[3]The court is cognizant that the law does not permit award of fees under § 1988 based upon a pure proportion of the amount of the civil rights plaintiff's recovery. *See City of Riverside v. Rivera,* 477 U.S. 561, 574, 106 S.Ct. 2686, 2694, 91 L.Ed.2d 466 (1986). Neither would such a calculation be appropriate in light of the importance of Plaintiff's perseverance in this litigation, which may be credited with forcing a needed examination of the disciplinary process in the DeKalb County Sheriff's Office. Yet, by contesting only 358.4 hours, DeKalb County was in no danger of either straining the court's tolerance for contesting the hours claimed or adopting a penurious approach, which one could construe as diminishing unfairly the return due to Plaintiff's counsel.

[4]The court recognizes the difficult task left to Defendant in challenging over 1200 hours claimed and determining how to allocate the time between activities combined within a single time entry. While agreeing with the heart of their objections, the court did heed Defendants' warning that Defendants' sum of the objectionable hours was slightly askew because some entries contained multiple unsuccessful claims or duplicated activities. The court therefore made adjustments accordingly.

In the absence of evidence to the contrary, this court has assumed that the portion of time spent on unspecified activity in a combined entry was directed toward the unsuccessful claim or issue set forth in the same entry. For example, Mr. Howe spent 2.5 hours on 5/16/89 "researching malicious prosecution *and* preparing the complaint." The court concluded that counsel was preparing the malicious prosecution aspect of the complaint.

Where the entries specified activities directed toward both an unsuccessful claim *and* a successful claim within a single entry, such as the failure to train with inadequate discipline, allocation of "reasonable hours" spent became even more complicated. Exercising its discretion, the court

Following the trial, the court concluded that Plaintiff's own testimony contradicted objective evidence concerning many of his injuries; the court also voiced reservations about the credibility of Plaintiff's treating psychologist and expert on post traumatic stress disorder. Thus, the compensatory damages of $500 awarded to Plaintiff were based largely upon the injury, pain and suffering from Officer Patrick's kick to Plaintiff's groin. Consequently, the court agrees that hours spent on other aspects of Plaintiff's damage claims should be deducted from the lodestar where possible.

Because Plaintiff did not prevail on the malicious prosecution issue, the time that Mr. Howe included for researching and preparing for summary judgment on this issue should be excluded. Similarly, the entries that include activities in pursuit of Plaintiff's First Amendment claims must also be deducted. The court estimates that 6.25 hours claimed by Mr. Howe were dedicated to these unsuccessful First Amendment claims. In regard to claims based upon DeKalb County's failure to train its officers, the court estimates that counsel has improperly included 33.8 hours, nine of which were attributable to Mr. Howe.

**ii) Redundant and Unnecessary Billing:**

Defendant has highlighted 86.90 hours claimed that reveal redundant billing for overlapping efforts in deposing witnesses and parties by the two attorneys. Of these hours, 19.7 hours have already been struck because counsel had spent the time on unsuccessful damages claims. Plaintiff has asserted that only one

opted not to exclude the entire combined entry and attempted to apportion time in an evenhanded manner between the activities.

attorney prepared and conducted depositions of parties and witnesses, while both attorneys attended all of the depositions. Because a comparison of the two sets of time entries largely attests to this explanation, the court has subtracted half of each attorney's hours spent for mere attendance of depositions. This amounts to a reduction of 16.25 hours for Mr. Howe, and 12 hours for Mr. Weathersby. The court does not find the remaining 10.7 hours calculated by Defendants to be redundant.

In addition, Defendant has raised issue with the myriad of telephone conferences for which Plaintiff has requested fees. The court agrees with this objection and is therefore including a reduction of 35 hours split between the two attorneys equally. Similarly, the court has adopted the 3.25 reduction in hours for counsel's requests and reviews of leave of absences, the 5.55 reduction in hours for non-legal services, and a reduction of 6.55 hours for miscellaneous charges that Plaintiff admitted should not be included in its request. The court is therefore deducting these excessive hours in the amount of 1.25 hours from Mr. Howe's time and 14.1 hours from Mr. Weathersby's time.

### 3. *Paralegal Hours*

Defendants have challenged a portion of the hours spent by the paralegals to procure medical research for the unsuccessful damage claims. As the court discussed above, those hours should therefore be excluded. Defendants have not raised issue with the remaining 22.1 hours of paralegal work claimed by Plaintiff. Because there is no evidence regarding the paralegals' expertise in a civil rights case, the court finds that compensation at the

lowest rate for paralegals outlined by Mr. Weathersby, $45 per hour, is an appropriate fee.

In sum, the court finds that Mr. Howe is entitled to attorney's fees for 398.3 hours worth of work at the rate of $200 per hour. His co-counsel, Mr. Weathersby, is entitled to 543.7 hours worth of compensation at the rate of $150 per hour for his time and to 22.1 hours worth of compensation at the rate of $45 per hour for the paralegals. A rough sketch of the court's calculations is included below.

### 4. *Adjustments to the Lodestar*

After determining the lodestar amount as above, the court is entitled to adjust the amount of final fees awarded in light of the results obtained through the litigation. *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939-40, 76 L.Ed.2d 40 (1983); *Norman,* 836 F.2d at 1302. Defendants urge the court to exercise its discretion by either denying fees altogether or by reducing fees awarded to a minimum. In support of this request, Defendants point to the fact that the ultimate net recovery of Plaintiff is far below the mark of the damages sought. Defendants remind the court that Plaintiff did not seek injunctive relief from Defendants and even suggest that this court was responsible for providing the legal theory of liability upon which Plaintiff prevailed. The most arresting argument advanced by Defendant is the assertion that the benefits of any supervisory policies instituted as a result of this litigation are "marginal" when compared to the net worth of the fees Plaintiff has requested. This court, however, will not endorse Defendants' efforts to undermine the significance of this

litigation.

Not all nominal damage awards produce purely pyrrhic victories.  *See Farrar v. Hobby,* 506 U.S. 103, 120-22, 113 S.Ct. 566, 578, 121 L.Ed.2d 494 (1992) (O'Connor, J., concurring).  As this writer has recognized, "[w]hen a constitutional right is vindicated, ... the fact that the monetary result was small may not always control.  This is particularly the case where the outcome promotes some public purpose."  *Cullens v. Georgia Dept. of Transp.,* 827 F.Supp. 756, 762 (M.D.Ga.1993) (citations omitted). The case at bar illustrates that principle.

The record bears witness to a de facto policy of the DeKalb County Sheriff's Department imposing minimal disciplinary sanctions for officers who used excessive force, who filed false reports concerning excessive force, or who perjured themselves regarding excessive force.  As the court noted, the initial complaints of Plaintiff's family and prior attorney to the Department were not sufficient to trigger an internal investigation of Officer Patrick's use of excessive force.  The pursuit of this litigation, however, has revealed both the unconstitutional act of Officer Patrick and the tacit condonation of such excessive force by DeKalb County.  The acknowledgement of this practice and pattern can only inure to the benefit of those involved when redressing an officer's abuse of discretion which violates a person's constitutional rights.  This court therefore declines to exercise its discretion to reduce the lodestar amount.

B. *Costs*

Plaintiff is seeking to recover expenses incurred during

litigation, which include: $6,248.74 by the firm of Mr. Howe and $8,791.75 by the firm of Mr. Weathersby. Defendants have not articulated any objections to the out-of-pocket costs claimed in Plaintiff's affidavits. The court, however, has observed that the total of these amounts exceeds the sum that Plaintiff requested in its bill of costs [125-1] by almost $10,000.

Upon further inspection, Plaintiff's affidavits appear to include costs such as general copying, computerized legal research, postage, courthouse parking fees and expert witness fees, which are clearly nonrecoverable. *See* 28 U.S.C. § 1920; *see e.g., Kivi v. Nationwide Mut. Ins. Co.*, 695 F.2d 1285, 1289 (11th Cir.1983) ("additional amounts paid as compensation, or fees, to expert witnesses cannot be allowed or taxed as costs in federal courts."); *Cullens v. Georgia Dept. of Transp.*, 827 F.Supp. 756, 766 (M.D.Ga.1993). In contrast to the affidavits submitted, the court finds that the itemized amounts originally set forth in Plaintiff's Bill of Costs [125-1] only request costs that are clearly awardable under 28 U.S.C. § 1920. The court therefore AWARDS Plaintiffs costs in the amount of $5,730.48.

## CALCULATION OF ATTORNEY'S FEES & COSTS

Weathersby

| | |
|---|---|
| *Total Hours Claimed:* | 715.50 |

*Reductions*

| | |
|---|---|
| *Damages* | 103.4 |
| *Training* | 24.8 |
| *Duplication/Depositions* | 12.0 |
| *Duplication/Telephone Conf.* | 17.5 |
| *Excessive/Unnecessary Hours* | 14.1 |

```
           Total Hours Deducted              171.80

   Total Reasonable Hours:                   543.70 @ $150/hour

                  WEATHERSBY FEES:   $81,555


   Paralegal Hours Claimed:                   27.50
        Total Hours Deducted                   5.40
                                            _____
   Total Reasonable Hours:                    22.10 @  $ 45/hour


      Paralegal Costs:                 $    994.50
```

**FEES AWARDED FOR WEATHERSBY:**                                    **$82,549.50**


<u>Howe</u>

```
   Total Hours Claimed:                       519.95

   Reductions
        Damages                                67.4
        Malicious Prosecution                   4.0
        First Amendment                         6.25
        Training                                9.0
        Duplication of Effort                  16.25
        Duplication/Telephone Conf.            17.5
        Excessive/Unnecessary Hours             1.25
                                             _____
        Total Hours Deducted                  121.65


   Total Reasonable Hours:                    398.30 @ $200/hour
```

**FEES AWARDED FOR HOWE:**                                  $    79,660

**TOTAL COSTS AWARDED:**                                    $  5,730.48


_____


III. CONCLUSION

This court hereby AWARDS Mr. Howe $79,660 in attorney's fees, Mr. Weathersby $82,549.50 in attorney's fees, and $5,730.48 in costs.

SO ORDERED, this 25th day of September, 1995.

/s/ J. Owen Forrester

J. OWEN FORRESTER

United States District Judge