Andrew L. MANNING, et al., Plaintiffs,

v.

The SCHOOL BOARD OF HILLSBOR-
OUGH COUNTY, FLORIDA (former-
ly Board of Public Instruction of
Hillsborough County, Florida), et al.,
Defendants.

No. 8:58CV3554T17EAJ.

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 10, 2001.

Marianne Engelman Lado, Jacqueline A. Berrien, NAACP Legal Defense & Educational Fund, Inc., New York City, Victor A. Bolden, Wiggin & Dana, New Haven, CT, for Andrew L. Manning, a minor, by his father and next friend, Willie Mannings, plaintiff.

Warren H. Dawson, Dawson & Griffin, P.A., Tampa, FL, Marianne Engelman Lado, Jacqueline A. Berrien, NAACP Legal Defense & Educational Fund, Inc., New York City, Victor A. Bolden, Wiggin & Dana, New Haven, CT, for Shayron B. Reed, by her father and next friend, Sanders B. Reed, Sandra E. Reed, by her father and next friend, Sanders B. Reed, Nathaniel Cannon, minor, by his father and next friend, Nathaniel Cannon, Sr., Norman Thomas Cannon, minor, by his father and next friend, Nathaniel Cannon, Sr., Tyrone Cannon, minor, by his father and next friend, Nathaniel Cannon, Sr., Darnel Cannon, minor, by his father and next friend, Nathaniel Cannon, Sr., Gail Rene Myers, a minor, by her father and next friend, Randolph Myers, plaintiffs.

Thomas M. Gonzalez, Thompson, Sizemore & Gonzalez, P.A., Tampa, FL, Walter Crosby Few, Few & Ayala, P.A., Tampa, FL, for Board of Public Instruction of Hillsborough County, FL, J. Crockett Farnell, Supt., Hillsborough County, FL, defendants.

### ORDER ON PLAINTIFFS' AMENDED MOTION FOR ATTORNEY'S FEES AND COSTS ON FEES

KOVACHEVICH, Chief Judge.

This cause comes before the Court on Plaintiffs' Amended Motion for an Interim Award of Attorney's Fees and Costs on Fees and supporting memorandum, (Dkts.880, 881), Defendants' Response to Plaintiffs' Amended Motion for an Interim Award of Attorney's Fees and Costs on Fees, (Dkt.884), and Plaintiffs' Reply to Defendants' Response to Plaintiffs' Amended Motion for an Interim Award of Attorney's Fees and Costs on Fees. (Dkt.887).

Plaintiffs seek an interim award of attorney's fees and costs for the period from October 1998 through December 1999. The fees and costs for which Plaintiffs seek compensation arise from an attorney's fees request relating to the monitoring and enforcement of the 1991 Consent Order and the discovery and litigation associated with the 1996 unitary status hearing.

■ The starting point in determining an award of attorney's fees "is to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Authority*, 836 F.2d 1292, 1299 (11th Cir. 1988). After this amount is determined, "the court may adjust the amount depend-

ing upon a number of factors, including the quality of the results and representation of the litigation." *Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir.1996).

Plaintiffs seek attorney's fees totaling $21,601.00, at the following hours and rates:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Warren H. Dawson | 34.2 | $225.00 | $7,695.00 |
| Victor A. Bolden | 81.8 | $170.00 | $13,906.00 |

Defendants do not dispute that Plaintiffs are entitled to an award of attorney's fees. However, Defendants argue that both the hourly rates suggested and the number of hours billed in the requested award of attorney's fees are too high.

### I. Reasonable Hourly Rates

■ ."A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. "Satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.... Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.*

#### A. Plaintiffs' Support for the Requested Hourly Rates

#### 1. Affidavits

In support of the requested hourly rates, Plaintiffs rely on affidavits previously provided to this Court when this Court decided its Order on Plaintiffs' Motion for Attorney's Fees and Costs dated September 13, 1999. (Dkt.852). The Affidavits are from several experienced local attorneys. Marvin Barkin is a founding partner of the Tampa law firm Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, P.A. He states that in his opinion a reasonable hourly rate for the services rendered

in this case is $200.00 per hour. Barkin states further that "higher rates were sometimes charged by experienced trial counsel during this period for complex commercial litigation."

Kaydell Wright–Douglas specializes in civil rights and constitutional litigation. She states that a civil rights lawyer in the Tampa area would typically charge an hourly rate between $200.00 and $300.00 if the fee was to be paid on a monthly basis, and was not contingent. However, if it was contemplated that fees would be contingent and paid on a delayed basis, in her opinion, the fees charged would be higher, typically $225.00 to $325.00 per hour. Wright–Douglas states that, in her opinion, a reasonable hourly rate for the legal services in this case would be $300.00 per hour.

Matthew Farmer is a partner in the firm Farmer & Fitzgerald, P.A., whose practice consists primarily of civil rights litigation. He states that attorneys with the experience of Warren Hope Dawson typically charge fees in the range of $230.00 to $250.00 per hour if payment of the fees is guaranteed by the client. In cases in which payment is delayed and contingent, he states that the typical hourly rate is $125.00 per hour higher, or $355.00 to $375.00 per hour. In Farmer's opinion, a reasonable fee for Warren Hope Dawson in this case would be between $255.00 and $275.00 per hour.

John Germany is a former judge and a member of the Holland & Knight law firm. He states that in his opinion, an hourly rate of $175.00 to $220.00 per hour is a reasonable rate for a Tampa attorney during the time period in question.

Stephen Hanlon is a member of the Holland & Knight law firm. He has frequently represented lawyers in the Middle District of Florida with respect to claims for attorney's fees in civil rights litigation.

He has also appeared as an expert witness on behalf of lawyers seeking attorney's fees in civil rights litigation. Based on his familiarity with the attorneys involved and his review of their resumes, Hanlon states that the rates of lawyers with comparable experience in similarly complicated cases are as follows:

| | |
|---|---|
| Warren Hope Dawson | $250.00–400.00 |
| Victor A. Bolden | $150.00–$225.00 |

**2. Education and Experience**

Plaintiffs have also provided, throughout the record of this case, extensive information regarding the education and experience of Plaintiffs' attorneys. All of the attorneys for whom Plaintiffs request fees were employed by or associated with the NAACP Legal Defense and Education Fund [LDF]. Warren Hope Dawson is the lead attorney in this case, and has been involved in this case since 1974. Victor A. Bolden began participating in this case in 1995, and since that time has been primarily responsible for drafting pleadings and briefs and making oral arguments.

Dawson graduated from Howard University School of Law in 1966. He worked as a field attorney for the National Labor Relations Board from 1966 to 1967. He was an assistant city attorney and city prosecutor for the City of Tampa from 1967 to 1972. In 1972, Dawson entered private practice. A substantial portion of Dawson's practice is devoted to civil rights and constitutional litigation. *See Mannings v. School Board*, 851 F.Supp. 436, 445 (M.D.Fla.1994).

Bolden graduated from Harvard University Law School in 1989. While at Harvard, and during his undergraduate education at Columbia University, Bolden received a number of awards and prizes. Following his graduation from law school, Bolden was a fellow with the American Civil Liberties Union [ACLU] for one year. Bolden then worked as a staff at-

torney for the ACLU until 1994. In 1994, Bolden began working as assistant counsel for the LDF. Since 1994, Bolden has also been an adjunct professor at New York Law School. He has several publications and has made professional appearances at seminars and on radio and television.

**3. Caselaw in Local Civil Rights Cases**

In support of Plaintiffs' original Motion for an Interim Award of Attorney's Fees and Costs, (Dkts.842, 843), Plaintiffs cited several local cases in support of their requested attorney's fees. Likewise, in support of their Amended Motion for Attorney's Fees and Costs on Fees, Plaintiffs' have cited several cases. In *Blalock v. Lee County School Board*, No. 2:64–CV–168–FTM–10 (M.D.Fla. July 7, 1993), and *Mills v. School Board of Polk County*, No. 8:64–CV–150–T–23MAP (M.D.Fla. August 8, 1994), Judge Merryday of this Court awarded another attorney assigned to this case, Chachkin, fees at an hourly rate of $300.00. In addition to the local civil rights cases cited by Plaintiffs, Plaintiffs cite *Johnson v. University of Alabama in Birmingham*, 706 F.2d 1205, 1207 (11th Cir.1983), in which the Eleventh Circuit stated that an award of attorney's fees for time spent on fee litigation is "authorized by the caselaw."

**B. Defendants' Objections**

In opposition to Plaintiffs' Amended Motion for an Interim Award of Attorney's Fees and Costs on Fees, Defendants argue that the hourly rates sought for Plaintiffs' attorneys are too high because those rates: (1) are the same rates previously awarded to Plaintiffs' attorneys for their work on the underlying desegregation case; and, (2) are requested for time spent on less complex, or less novel, issues of law. In addition, Defendants object to the amount of time for which Plaintiffs claim because

the hours requested for compensation: (1) are requested for extended periods of time due to Plaintiffs' requesting, and the Court's granting, extensions of time; (2) were increased in Plaintiffs' Amended Motion for an Interim Award of Attorney's Fees and Costs on Fees from those rates originally requested within Plaintiffs original Motion for Award of Attorney's Fees and Costs on Fees; and, (3) were spent on research that, according to Defendants, was excessive and/or redundant.

## C. Determination of Reasonable Hourly Rates

When determining an award of attorney's fees, a court must determine the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988). In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974), twelve factors were set out for a court to consider when determining an amount of attorney's fees to provide. The twelve factors set out within *Johnson* are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the clients; and, (12) awards in similar cases. *See Id.* at 719.

██ As the law of the case, the starting point for this Court in determining the hourly rates for each attorney must be the rates this Court awarded in its September 13, 1999, Order, which were $225.00, per hour, for Dawson, and $170.00, per hour, for Bolden. (Dkt.852). In addition to beginning with the rates previously awarded in September 1999, the Court recognizes that in the period since that Order was entered, attorneys' fees have likely risen in the Tampa area. The Court also recognizes that in that time period, Dawson and Bolden have likely gained experience.

██ The Court will give great weight to the affidavits of local attorneys previously provided, and currently relied upon, by Plaintiffs. The Court will also consider the hourly rates awarded in other local civil rights cases. The Court will disregard, however, evidence of attorney's fees paid in civil rights cases in other locations, as the relevant legal standard requires the Court to consider "the prevailing market rate in the relevant legal community." *Norman,* 836 F.2d at 1299. Based on these factors, as the Court has previously found, the Court determines that the range of hourly rates in a complex civil rights class action for experienced attorneys, such as Dawson, is $225.00 to $400.00, and for less experienced attorneys, such as Bolden, is $150.00 to $240.00.

Defendants object to Plaintiffs' requested rates because, according to Defendants, the rates awarded for time spent on issues relating to attorney's fees is less complex than the underlying civil rights litigation at issue in this case. In support of this, Defendants cite *Johnson v. Georgia Highway Express,* 488 F.2d 714, 718 (5th Cir. 1974). Defendants state that according to *Johnson,* the Court should reduce the rates requested by Plaintiffs because the "novelty and difficulty of the questions presented" and the "skill requisite to per-

form the legal service properly" is less when litigating issues related to an award of attorney's fees on a fee award, than an award of attorney's fees on the underlying civil rights litigation.

As the Court previously stated, "a reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonable comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The issues presented throughout this entire case, have been lengthy and complex, and the previous attorney's fee litigation is no exception. While Defendants are correct to point out the *Johnson* case, the Court does not find that the *Johnson* considerations warrant any decrease in the hourly rates previously awarded to Dawson and Bolden. During the process of litigating the interim award of attorney's fees and costs, to which Plaintiffs' current motion refers, Dawson and Bolden were required to spend large amounts of time tackling various issues, many of which were directly related to resolution of Plaintiffs' previous interim motion for attorney's fees and costs, without Court intervention. Further, the Court notes that Plaintiffs have only submitted attorney's fees requests for two of the attorneys involved in the massive desegregation litigation and Plaintiffs have not requested compensation for any costs associated with the underlying fee litigation.

With respect to Dawson, the Court previously awarded fees at an hourly rate of $225.00. The Court is mindful of its duty to calculate the fees awarded "conservatively in order not to provide a windfall to the Plaintiffs' attorneys." *Mannings*, 851 F.Supp. at 445. For that reason, the Court will award fees for Dawson's work on this case at an hourly rate at the lower end of the hourly range for attorneys of his level of experience, or $225.00 per hour.

With respect to Bolden, the Court notes his excellent academic records. The Court also considers the fact that in its earlier Order on attorney's fees, the Court awarded attorney's fees to Bolden at an hourly rate of $170.00. Therefore, the Court finds that the Court will award fees for Bolden's work at an hourly rate at the low-end of the hourly range for attorneys of his level of experience, or $170.00 per hour.

II. Number of Hours

 Defendants now object to Plaintiffs' request for compensation for time that Defendants feel is excessive and/or redundant. In addition, Defendants appear to object to the fact that Plaintiffs' Amended Motion for an Award of Attorney's Fees and Costs on Fees includes more hours for compensation than that which was originally included in Plaintiffs' original Motion for an Award of Attorney's Fees and Costs on Fees.

In support of Defendants' objection that Plaintiffs have included requests for compensation for time spent in an excessive and/or redundant manner, Defendants state that Dawson engaged in excessive and redundant legal research. Defendants specifically object to: (1) three hours of legal research done by Dawson on November 3, 1998; (2) three hours of legal research done by Dawson on July 12, 1999; (3) five hours claimed by Dawson for reviewing documents on November 3, 1998; (4) three and one-half hours claimed by Dawson for reviewing documents on April 1, 1999; (5) two and one-half hours for reviewing documents on July 9, 1999, and, (6) one hour claimed by Dawson on September 14, 1999.

With respect to time billed for legal research, Defendants object to approxi-

mately six hours bills by Dawson at a rate of $225,00. Defendants also object to twelve hours billed for reviewing documents by Dawson at a rate of $225.00.

Defendants appear to read too broadly the cases they cite in support of their argument that the hours billed for time spent on legal research and for reviewing documents is excessive and/or redundant. The cases Defendants cite apply the rule that attorney's fees will not be awarded for time that can be characterized as excessive or redundant. *See Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 59, n. 2 (2d Cir. 1996) (reducing the number of hours billed for excessive legal research); *Thompson v. Shelter Mutual Ins.*, 875 F.2d 1460, 1464 (10th Cir.1989) (affirming a reduction in hours claimed due, in part, to excessive research). However, this Court has thoroughly reviewed this entire case and finds that the hours claimed for compensation by Dawson and Bolden are not excessive or redundant.

This is an extremely complex case, in which the use of multiple attorneys was not only warranted, but essential. The amount of time billed for legal research and review of documents by Dawson, as objected to by Defendants, is relatively small in number. This relatively small amount of time devoted to legal research and review of documents by Dawson does not represent the sort of duplication of effort and waste of time that would justify reducing the number of hours for which compensation will be provided.

In sum, the Court will award Plaintiffs attorney's fees at the following rates and in the following amounts:

| Attorney | Hours | Rate | Total |
| --- | --- | --- | --- |
| Warren H. Dawson | 34.2 | $225.00 | $7,695.00 |
| Victor A. Bolden | 81.8 | $170,00 | $13,906.00 |
| Total | | | $21,601.00 |

Accordingly, it is

**ORDERED** that Plaintiffs' Amended Motion for an Award of Attorney's Fees and Costs on Fees, (Docket No. 880) be **GRANTED;** and that Defendants shall pay to Plaintiffs the amount of $21,601.00 for their attorney's fees.