**Lisa M. GRAY, on behalf, of herself and all others similarly situated Plaintiff,**

v.

**FLORIDA FIRST FINANCIAL GROUP, INC. and Reed Lienhart, Defendant.**

**No. 8:04–CV–308–T–24MSS.**

United States District Court, M.D. Florida, Tampa Division.

March 2, 2005.

David P. Folkenflik of Kenneth City, FL, Sylvia Noel White of Dunedin, FL, for Plaintiff.

Fredrick W. Vollrath of Tampa, FL, for Defendant.

### ORDER

BUCKLEW, District Judge.

This cause comes before the Court on Plaintiff's Motion for an Award of Costs and Attorney's Fees. (Doc. No. 63). Defendants oppose this motion. (Doc. No. 69).

### I. Background

On February 19, 2004, Plaintiff Lisa Gray filed a complaint alleging that Defendants Florida First Financial Group, Inc and Reed Lienhart[1] violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"). On October 5, 2004, this Court denied Plaintiff's motion for class certification. On October 21, 2004, Plaintiff accepted Defendants' Offer of Judgment. (Doc. No. 60). This Court entered judgment in favor of Plaintiff and against Defendants in the amount of $1,500.00, plus costs and reasonable attorney's fees. (Doc. No. 61).

In the motion for attorney's fees, Plaintiff requests a fee award for a total of 105.5 hours of work. Of the 105.5 hours, 19.5 hours were expended by David P. Folkenflik ("Folkenflik"), 51.1 hours were expended by Sylvia Noel White ("White"), 28.6 hours were expended by O. Randolph Bragg ("Bragg"), and 6.3 hour were ex-

pended by Bragg's law clerk. Specifically, Folkenflick charged a rate of $200.00 per hour for 19.5 hours totaling of $3,900.00. Folkenflik incurred costs of $150.00. White charged a rate of $200.00 per hour for 51.1 hours totaling $10,220.00. White incurred costs of $139.40. Bragg charged a rate of $325.00 for 28.6 hours totaling $9,295.00. The rate charged for work performed by Mr. Bragg's law clerk was $100.00 per hour for 6.3 hours totaling $630.00. Bragg incurred costs of $1,269.55. Consequently, the total amount billed for legal services was $24,045.00 and total costs of $1,558.95 for a grand total of $25,603.95. In Defendants' response to the motion for attorney's fees, Defendants argue that the hours are excessive and duplicate of other attorney's efforts.

### II. Motion for Attorney's Fees

■ In evaluating Plaintiff's motion for attorney's fees, the Court employs a three-step process. First, the Court must determine whether Plaintiff is a prevailing party. Second, the Court must calculate the lodestar, which is the number of reasonable hours spent working on the case multiplied by a reasonably hourly rate. Third, the Court must determine whether an adjustment to the lodestar is necessary. *See Dillard v. City of Greensboro*, 213 F.3d 1347, 1353 (11th Cir.2000). In the instant case, Defendants do not contest Plaintiff's status as a prevailing party. Defendants also do not contest the hourly rate charged. (Doc. No. 69 at 16). Defendants contend that (1) the total hours expended are excessive, and (2) Defendants should not be liable for the costs incurred by Bragg.

---

1. On September 13, 2004, Plaintiff filed her First Amended Complaint adding Reed Lien-

hart and deleting Ty Books.

## A. Calculating Lodestar

The lodestar is the number of reasonable hours spent working in the case multiplied by a reasonably hourly rate. *See ACLU of Georgia v. Barnes,* 168 F.3d 423, 427 (11th Cir.1999). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman v. Housing Authority of the City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988).

Since, Defendants do not contest the hourly rate charged by Plaintiff's counsel, the Court must determine the number of reasonable hours expended by Plaintiff's counsel while working on the case. "Fee applicants must exercise . . . 'billing judgment,' " which means that "they must exclude from their fee applications 'excessive, redundant, or otherwise unnecessary [hours].' " *Barnes,* 168 F.3d at 428 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Thus, fee applicants must exclude hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel." Norman,* 836 F.2d at 1301 (emphasis in original). Exclusions for unnecessary or excessive time expended is left to the discretion of the court. *See id.* A court should deduct unnecessary or redundant hours and time spent on discrete and unsuccessful claims. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1397 (11th Cir.1996).

In this case, the Court denied Plaintiff's motion for class certification. Plaintiff's counsel has already deducted time expended on class certification and class issues. White reduced her hours from 61.5 to 51.5 hours, and Bragg reduced his hours from 84.4 to 28.6 hours. Defendants still maintain that the hours billed by the three attorneys are unnecessarily repetitive. There is nothing unreasonable about a client having multiple attorneys, and "they may all be compensated if they are not unreasonably doing the same work and are being compensated for the distinct contribution of each lawyer." *Norman,* 836 F.2d at 1301–1302.

### 1. O. Randolph Bragg's Hours

Bragg charged a rate of $325.00 for 28.6 hours, totaling $9,295.00. The rate charged for work performed by Bragg's law clerk was $100.00 per hour for 6.3 hours, totaling $630.00. Defendants claim that approximately 19 of Bragg's 28.6 hours was either spent in consultation with the two other attorneys on the case or in duplicating their efforts. Defendants also object to Bragg's travel time and expenses.

In order for a Court to determine if a fee is excessive or redundant, Defendants' objections "concerning hours that should be excluded must be specific and 'reasonably precise.' " *Barnes,* 168 F.3d at 428. Defendants have failed state exactly which of Bragg's hours were spent in consultation and duplicating other attorney's work.

Defendants specially object that Bragg was flown in to conduct the deposition of Reed Lienhart, president of First Florida Financial. (Doc. No. 69 at 7–8). Since Plaintiff had "the right to retain more than one attorney, the exclusion of out-of-town counsel's travel time is proper only if it was unreasonable not to hire qualified local counsel." *Johnson v. University College of the University of Alabama in Birmingham,* 706 F.2d 1205, 1208 (11th Cir.1983). Plaintiff retained Bragg for his extensive experience in handling FDCPA cases. In light of Bragg's extensive experience, the Court finds that it was not unreasonable to have Bragg travel to conduct the deposition of Reed Lienhart. After review of the other hours Bragg expended in this case, the Court does not

find them duplicative of other attorneys' work. Thus, the Court finds that Bragg's 28.6 hours, and Bragg's law clerk's for 6.3 hours, are reasonable.

### 2. Sylvia Noel White's Hours

White charged a rate of $200.00 per hour for 51.1 hours, totaling $10,220.00. Defendants argue that the majority of White's hours are duplicative and spent needlessly corresponding with the other attorneys in the case. After a review of White's time, the Court finds that this is not the case. For example, Defendants object that 1.5 hours White billed for work on Plaintiff's response to summary judgment are duplicative. Bragg drafted the response to Defendants' motion for summary judgment and billed a total of 11.5 hours on the response. White's 1.5 hours were spent reviewing Defendants' motion, making revisions to Bragg's response, and corresponding with Bragg regarding the response. This is representative of the type of time Defendants find as duplicative and a needless correspondence between co-counsel. Such is not the case. Therefore, the Court finds that White's time totaling 51.1 hours is reasonable.

### 3. David Folkenflik's Hours

Folkenflik charged a rate of $200.00 per hour for 19.5 hours, totaling of $3,900.00. Defendants object to all but 3.6 hours of Folkenflik's time. Plaintiff initially retained Folkenflik's firm, and he, amongst various other things, did the initial discovery and kept Plaintiff informed as the case progressed. After a review of Folkenflik's time, the Court finds that his time, totaling 19.5 hours, is reasonable.

In this case, three attorneys and a law clerk billed a total of 105.5 hours. The Court finds that the attorneys were "not unreasonably doing the same work" and should be compensated for the hours billed. *Norman,* 836 F.2d at 1302.

### 4. Total Resulting Lodestar Amount

Based on the above, the Court finds that the resulting lodestar amount is $24,045.00 as summarized in the following table:

| Person | Actual Hours | Billing Rate | Reasonable Fee |
|---|---|---|---|
| O. Randolph Bragg | 28.6 | $325.00 | $ 9,295.00 |
| Bragg's Law Clerk | 6.3 | $100.00 | $ 630.00 |
| Sylvia Noel White | 51.1 | $200.00 | $10,220.00 |
| David Folkenflik | 19.5 | $200.00 | $ 3,900.00 |
| **Lodestar Total** | **105.5** | | **$24,045.00** |

### B. Adjustment to Lodestar

 After the Court calculates the lodestar, the Court must determine whether an adjustment to the lodestar is necessary. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933. Furthermore, it is not "necessarily significant that a prevailing plaintiff did not receive all the relief requested[,] . . . if the relief obtained justified that expenditure of attorney time." *Id.* at 435 n. 11, 103 S.Ct. 1933. Since the attorneys have reduced their hours for time spent on class certification, the Court does not find that the lodestar should be reduced.

### III. Plaintiff's Costs

Defendants contest Bragg's travel costs and costs associated Reed Lienhart's deposition. Bragg claims travel costs in the amount of $595.10, and costs associated with the deposition in the amount of $674.45 for a total of $1,269.55. As stated above, the Court finds that it was not unreasonable to have Bragg travel to conduct the deposition of Reed Lienhart. Therefore, the Courts finds that Bragg's travel costs and costs associated with Reed Lienhart's deposition are warranted.

White incurred costs of $139.40. Folkenflik incurred costs of $150.00. Defendants do not contest these costs.

*IV. Conclusion*

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for an Award of Costs and Attorney's Fees (Doc. No. 63) is **GRANTED**:

 (1) O. Randolph Bragg is awarded $9,295.00 for his fee and $630 for his law clerk for a total of $9,925.00. Bragg is also awarded $1,269.55 in costs.

 (2) Sylvia Noel White is awarded $10,220.00 for her fee and $139.40 in costs.

 (3) David Folkenflik is awarded $3,900.00 for his fee and $150.00 in costs.