**Melissa LOOS, Plaintiff,**

v.

**CLUB PARIS, LLC and Fred Khalilian, Defendants.**

**Case No. 6:08–cv–534–Orl–35GJK.**

United States District Court, M.D. Florida, Orlando Division.

Aug. 9, 2010.

the Sanctions Motion, such Motion is not subject to being stricken, as erroneously argued by Plaintiff.

Travis R. Hollifield, Winter Park, FL, for Plaintiff.

Fred Khalilian, Miami, FL, pro se.

### ORDER

MARY S. SCRIVEN, District Judge.

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Motion for Attorney's Fees and Costs and the supporting materials filed therewith. (Dkts. 69, 70, 71) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court hereby **GRANTS** Plaintiff's Motion (Dkt. 69), as described herein.

### I. BACKGROUND

On April 9, 2008, Plaintiff filed her Complaint in this case, alleging gender discrimination pursuant to the Civil Rights Act of 1964 (Count I), retaliation in violation of 42 U.S.C. §§ 2000e, *et seq.* (Count II), negligent hiring, retention, and supervision

(Count III), and civil battery (count IV) against Defendants Club Paris, LLC and Fred Khalilian ("Defendants"). (Dkt. 1) On September 21, 2009, the Clerk entered default against Club Paris. (Dkt. 38) On December 9, 2009, the Clerk entered default against Defendant Khalilian. (Dkt. 46)

The Court entered Final Judgment in favor of Plaintiff as to all Counts in February 2010, and granted Plaintiff's request for a jury trial on damages. (Dkt. 50; Dkt. 54) A jury trial on non-economic compensatory and punitive damages was held on June 28, 2010. (Dkt. 65) Neither Defendant appeared for trial.[1] During trial, Plaintiff abandoned her claim for negligent hiring, retention, and supervision (Count Ill). (See Dkt. 66) The jury returned a verdict awarding Plaintiff $77,500.00 in non-economic compensatory and punitive damages for Counts I (sexual harassment), II (retaliation), and IV (civil battery). (Dkt. 68) Plaintiff filed the instant motion on July 12, 2010, seeking attorney's fees for Mr. Travis Hollifield, Esq. in the amount of $20,912.50 and $425.00 in costs. (Dkt. 69 at 17–18) In the motion and an accompanying affidavit, Mr. Hollifield states that he expended 59.75 hours on the case and contends $350.00 is a reasonable hourly rate given his experience. (Id. at 2; Dkt. 69–1; Dkt. 71–1)

## II. LEGAL STANDARD AND ANALYSIS

### A. The Prevailing Party

 A court, in its discretion, may award reasonable attorney's fees under Title VII to a prevailing party as part of its costs. See 42 U.S.C. § 2000e–5(k); 42 U.S.C. § 1988(b); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 416, 421–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Entitlement to attorney's fees by a prevailing party under Title VII is governed by the United States Code, which provides:

> In any action or proceeding under this subsection, the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k). However, the Code does not specify when and under what circumstances a party should be considered a "prevailing party."

### 1. When Does a Civil Rights Party "Prevail"?

 In 2001, the United States Supreme Court defined a prevailing party for purposes of a fee-shifting statute as a "party in whose favor a judgment is rendered, regardless of the damages award." Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001).[2] To prevail, a party must be awarded some relief by a court, such as a judgment on the merits or a court-ordered consent degree. Id. Both create a "material alteration of the legal relationship of the parties" necessary for a fee award. Id.

---

1. On June 8, 2010, the Court granted Defendant Khalilian's Motion to Waive Appearance at Jury Trial. (Dkt. 64)

2. The Buckhannon Court's definition of a prevailing party was specifically written to apply under the FHAA, 42 U.S.C. § 3613(c)(2) and

ADA, 42 U.S.C. § 12205. The Supreme Court, however, noted in dicta that the prevailing party provisions in certain other fee-shifting statutes should be interpreted consistently, and listed 42 U.S.C. § 2000e–5(k) and 42 U.S.C. § 1988. Buckhannon, 532 U.S. at 603, n. 4, 121 S.Ct. 1835.

■ A party need not succeed on all issues in order to be deemed a prevailing party. It is only necessary to "establish his entitlement to some relief on the merits of his claims in the trial court or on an appeal." *Id.* at 604, 121 S.Ct. 1835. As the Eleventh Circuit opined:

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d) ... A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims ... Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Head v. Medford,* 62 F.3d 351, 354 (11th Cir.1995) (quoting *United States v. Mitchell,* 580 F.2d 789, 793–94 (5th Cir.1978) (citations omitted)).

### 2. Standard Applicable to Prevailing Civil Rights Plaintiffs

■ The Supreme Court has held that a prevailing civil rights plaintiff should ordinarily recover his attorney's fees unless special circumstances would render such an award unjust. *Christiansburg Garment Co.,* 434 U.S. at 416–18, 98 S.Ct. 694. Thus, to qualify as a prevailing party, a party must obtain some relief, but not necessarily all originally requested, and should ordinarily recover fees unless exceptional circumstances would make such an award unjust. *See id.*

### B. The Amount of an Attorneys' Fee Award

■ The Eleventh Circuit utilizes the loadstar approach to determine a reasonable attorney's fee. *See Camden I Condominium Assoc., Inc. v. Dunkle,* 946 F.2d 768, 772 (11th Cir.1991); *Norman v. Hous-*

*ing Auth. of City of Montgomery,* 836 F.2d 1292 (11th Cir.1988). The lodestar formula is the product of the number of reasonable hours expended and the reasonable hourly rate. *Burlington v. Daque,* 505 U.S. 557, 559–60, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992).

### 1. Reasonable Hourly Rate

■ "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. The following twelve factors, originally set forth in *Johnson v. Ga. Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), are also considered in calculating a fee award:

> (1) The time and labor required; (2) [t]he novelty and difficulty of the questions; (3) [t]he skill requisite to perform the legal services properly; (4) [t]he preclusion of other employment by the attorney due to acceptance of the case; (5) [t]he customary fee; (6) [w]hether the fee is fixed or contingent; (7) [t]ime limitations imposed by the client or the circumstances; (8) [t]he amount involved and the results obtained; (9) [t]he experience, reputation, and ability of the attorneys; (10) [t]he 'undesirability' of the case; (11) [t]he nature and length of the professional relationship with the client; and (12) [a]wards in similar cases.

*Id.* at 717–19. The party seeking attorney's fees bears the burden of producing "satisfactory evidence that the requested rate is in line with prevailing market rates," which normally requires "more than the affidavit of the attorney performing the work." *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir.1994) (citing *Norman,* 836 F.2d at 1299). District courts may consider direct evidence of rates for

similar services or opinion evidence about rates. *Norman*, 836 F.2d at 1299.

▮▮▮ The Eleventh Circuit looks to skill as the ultimate determinate of attorney compensation. *Id.* at 1300. Skill is evidenced by an attorney's initial case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency. *Id.* at 1300–01. Legal skill also correlates to a knowledge of both trial practice and substantive law and the district court has ample discretion to discount the import of counsel's expertise. *Id.; Varner v. Century Fin. Co., Inc.*, 738 F.2d 1143, 1149 (11th Cir.1984). Because no two attorneys possess the same skill, the Court must look to the range provided by the evidence and interpolate a reasonable market rate. *Norman*, 836 F.2d at 1300. Thus, the Court determines a reasonable rate by assessing the range of fees established in the marketplace, as modified by reference to an individual attorney's skill. *See id.* at 1301; *see also Duckworth v. Whisenant*, 97 F.3d 1393 (11th Cir.1996).

## 2. Reasonable Hours Expended

▮▮▮ The second step in determining the lodestar is to assess the reasonable number of hours expended. *Norman*, 836 F.2d at 1302. The fee applicant bears the burden of documenting the appropriate number of hours. *Id.* at 1303 (citing *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933); *United States v. Blue Cross & Blue Shield of Fla., Inc.*, 882 F.Supp. 166, 170 (M.D.Fla.1995). Generalized statements concerning reasonableness are of little value to the Court; instead proof of the hours dedicated to litigation and any corresponding objections must be made with sufficient specificity. *Duckworth*, 97 F.3d at 1397–98; *Norman*, 836 F.2d at 1301. Inquiry into the reasonable number of hours focuses on the exercise of billing judgment—exclusion of those hours not reasonably billable to a client irrespective of

counsel's skill. *Norman*, 836 F.2d at 1301–02 (citing *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933).

▮▮▮ Pursuant to the case law described, *supra*, Plaintiff is the prevailing party as to her claims for sexual harassment, retaliation, and negligent hiring, retention, and supervision, because a default judgment was entered against Defendant Club Paris on these claims. *See Buckhannon*, 532 U.S. at 603, 121 S.Ct. 1835. While Plaintiffs claims arose from the same operative facts, the Court is not required to discount the fees incurred in prosecuting all claims. *See Miller v. Kenworth of Dothan, Inc.*, 117 F.Supp.2d 1247, 1263 (M.D.Ala.2000) (citing (*Hensley*, 461 U.S. at 448, 103 S.Ct. 1933)). This is true even where, as here, one of Plaintiff's claims was dismissed or abandoned at trial. *See id.* Therefore, the Court finds that Plaintiff is entitled to the full loadstar amount.

▮▮▮ In his affidavit, Mr. Hollifield attests that a reasonable hourly rate for attorneys with similar experience in Central Florida is around $325.00. (Dkt. 71–1 at 2) Plaintiff's Motion cites other Middle District cases in which the Court awarded $325.00 per hour for a prevailing party's Orlando attorney. *Hayden v. City of Orlando*, 2008 WL 3889596, No. 6:05–cv–853–0rl–22GJK, at *11 (M.D.Fla. Aug. 2008); *Easterling v. City of Orlando*, 2008 WL 3889612, No. 6:05–cv–855–OrI–22 GJK, at *12 (M.D.Fla. Aug. 20, 2008); and *Floeter v. City of Orlando*, 2008 WL 3889610, No. 6:05–cv–400–0rl–22–GJK, at *10 (M.D.Fla. Aug. 20, 2008) (all awarding Orlando attorney Frank T. Allen, Esq. $325.00 per hour). (Dkt. 69 at 10) Mr. Hollifield contends that his requested $350.00 hourly rate is reasonable because, *inter alia:* (1) that he has one more year of experience than attorney Frank T. Allen Esq. had at the time of his award of $325.00 in 2008;

(2) this case involves complex liability and damages issues of Title VII sexual harassment and retaliation; (3) Hollifield Legal Centre has billed its hourly clients for Mr. Hollifield's legal services at a rate of $350.00 per hour since July 1, 2008; and (4) his work product, preparation, and general ability indicates that he efficiently and successfully litigated this case. (Dkt. 69 at 11–13) In his affidavit, Mr. Hollifield also states that he has litigated employment and intellectual property cases for approximately fourteen (14) years. (Dkt. 71–1 at 6) Based on the foregoing, the Court finds that $350.00 per hour is a reasonable hourly rate given prevailing market rates in the Orlando area and Mr. Hollifield's legal expertise and skill. *See Loranger,* 10 F.3d at 781; *see also Norman,* 836 F.2d at 1299–1301.

■ Regarding hours expended, the Court finds that Mr. Hollifield's expenditure of 59.75 hours was reasonable. *See Duckworth,* 97 F.3d at 1397–98; *see also Norman,* 836 F.2d at 1301. Accompanying his affidavit, Mr. Hollifield provided a detailed account billing statement for Plaintiff. (Dkt. 71–1 at 12–15) All of Mr. Hollifield's time records state with specificity the tasks performed. (*Id.*) Therefore, the Court approves the Plaintiff's proposed loadstar amount of $20,912.50, representing an hourly rate of $350.00 times 59.75 hours reasonably expended in prosecuting the Title VII and other related claims.

### C. Costs

■ As discussed, *supra,* a prevailing Title VII party is entitled to an award of costs. *See* 42 U.S.C. § 2000e–5(k); 42 U.S.C. § 1988(b); *see also Christiansburg,* 434 U.S. at 421–22, 98 S.Ct. 694. Taxable costs include, *inter alia,* fees of the Clerk and fees of the court reporter for necessary transcripts. 28 U.S.C. §§ 1914(a), 1920(1),(2). The Court may award specifically enumerated costs that are adequately

"adequately described and documented." *Scelta v. Delicatessen Support Servs., Inc.,* 203 F.Supp.2d 1328, 1340 (M.D.Fla.2002).

■ Plaintiff filed her Proposed Bill of Costs on July 12, 2010, seeking taxable costs for fees of the Clerk and fees for printed or electronically recorded transcripts necessarily obtained for use in this case. (Dkt. 70 at 1) In her Motion, Plaintiff contends she incurred a $75.00 fee to obtain the appearance of a court reporter for the deposition of Defendant Khalilian, who failed to appear and caused the court reporter to prepare a Certificate of Non-Appearance, "all of which was a necessary predicate to the preparation and filing of Plaintiff's Motions for Default and Motion for Default Final Judgment." (Dkt. 69 at 17) Therefore, the Court finds that Plaintiff is entitled to recover $425.00 in costs, representing the $350.00 filing fee and $75.00 fee to obtain the appearance of a court reporter for Defendant Khalilian's deposition. (*See* Dkt. 69 at 1418; Dkt. 70)

### III. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

(1) Plaintiff's Motion for Attorney's Fees and Costs (Dkt. 69) is **GRANTED**;

(2) Plaintiff is hereby awarded $20,912.50 in attorney's fees for her claims against Defendant Club Paris. Additionally, Plaintiff is hereby awarded $425.00 in costs from Defendants Club Paris and Fred Khalilian, jointly and severally; and

(3) The **CLERK** is **DIRECTED** to enter an Amended Judgment reflecting the Court's award of $20,912.50 in attorney's fees and $425.00 in costs.